■ ANNE L. FOLEY, Individually and as Administratrix of the Estate of DONALD J. FOLEY, Deceased, Appellant, v. RUTH GILLICK, as Executrix of JOHN E. GILLICK, Deceased, et al., Respondents. (Action No. 1.) ANNE L. FOLEY, Individually and as Administratrix of the Estate of DONALD J. FOLEY, Deceased, Appellant, v. COUNTY OF NASSAU et al., Respondents. (Action No.

2.) — In consolidated medical malpractice actions to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered August 29, 1968, against her and in favor of defendants Gillick, Baum and the County of Nassau, upon the trial court's decision setting aside a jury verdict in her favor against all the defendants and directing judgment to be entered in favor of defendants. Judgment affirmed, with one bill of costs jointly to respondents appearing separately and submitting separate briefs. We disagree with the trial court's conclusion that, as a matter of law, the release given by plaintiff's intestate to defendant Meadowbrook Hospital barred this action against it for wrongful death and conscious pain and suffering. On this record that issue was properly one for the jury (*Rock* v. *Jewish Hosp. of Brooklyn,* 35 A D 2d 743, mot. for lv. to app. den. 28 N Y 2d 484; *Brown* v. *Manshul Realty Corp.,* 271 App. Div. 222, affd. 299 N. Y. 618; *Scheer* v. *Long Is. R. R. Co.,* 282 App. Div. 724). We also disagree with the trial court's conclusion that plaintiff's intestate was guilty of contributory negligence as a matter of law. In our opinion, that issue, too, was properly one for the jury (see *Rossman* v. *La Grega,* 28 N Y 2d 300). Nevertheless, on this record we believe that the setting aside of the jury's verdict and the direction that judgment be entered against plaintiff were correct. In · our opinion, plaintiff failed to establish that defendants Gillick and Baum were guilty of any malpractice or that any acts or omissions on their part were causally connected to the death of her intestate. With respect to defendant Meadowbrook Hospital, there was proof to support a finding that it was negligent in its treatment of plaintiff's intestate, but plaintiff failed to establish that this negligence was causally connected to the death of her intestate. In view of this failure of proof, the jury's verdict could not stand against any of the defendants and judgment against plaintiff was required. If we were not sustaining the judgment we would in any event sustain the trial court's setting aside of the verdict, as in our opinion the verdict was contrary to the weight of the evidence. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.