■ LINDA WIND, Also Known as LINDA W. DI PALO, Respondent, v ORLANDO CACHO, Appellant, et al., Defendant. — In a medical malpractice action, defendant Orlando Cacho appeals from an order of the Supreme Court, Queens County (Kassoff, J.) dated April 4, 1984, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Order reversed, on the law, with costs, motion granted, and complaint dismissed insofar as it asserted against appellant.

Plaintiff alleged that the appellant negligently allowed metallic hemoclips to remain within her abdomen following surgery for removal of a diseased gall bladder and appendix. In his moving papers, Dr. Cacho affirmed that hemoclips were used upon the patient for the purpose of hemostasis, and that the clips were intended to remain within the patient after closure of the operative incision. This treatment, said the appellant, "conformed in every way to good and accepted medical practice". Such expert opinion evidence from a party defendant which bears a strong factual relationship to the alleged injury requires an expert response from the plaintiff that the practice deviates from accepted medical standards if the plaintiff is to avoid summary judgment (*see, Winegrad v New York Univ. Med. Center*, 64 NY2d 851). Plaintiff supplied only her own affidavit and an affirmation of counsel which stated that she had con-

sulted with other doctors who informed her that the hemoclips in her body were "unnecessary".

Her bill of particulars states that according to another consulted physician, adhesions in her body could possibly have been caused by the operation. However, "[t]he burden upon the party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" (*Indig v Finkelstein*, 23 NY2d 728, 729). Except as to matters within the ordinary experience and knowledge of laymen, direct expert medical opinion evidence is required to demonstrate merit in a medical malpractice action (*Fiore v Galang*, 64 NY2d 999; *Fileccia v Massapequa Gen. Hosp.*, 99 AD2d 796, *affd* 63 NY2d 639). While plaintiff has made claims of medical malpractice which, if true, could support a lawsuit, absent expert medical opinion evidence in the plaintiff's opposing papers, Cacho's motion should have been granted. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.