■ CLAIRE REED et al., Respondents, v FREDERICK FRIEDMAN, Appellant, et al., Defendant.—In a medical malpractice action, defendant Frederick Friedman appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated September 6, 1984, which denied his motion to dismiss the complaint as against him pursuant to CPLR 3216 for want of prosecution and granted plaintiffs' cross motion pursuant to CPLR 2005 excusing their delay in filing a note of issue.

Order reversed, on the law, with costs, motion granted, cross motion denied, and complaint dismissed as against appellant.

Plaintiffs' failure to submit an affidavit of merit by a medical expert competent to attest to the meritorious nature of their claim requires unconditional dismissal of the complaint (see, Salch v Paratore, 60 NY2d 851; Canter v Mulnick, 60 NY2d 689; Stolowitz v Mount Sinai Hosp., 60 NY2d 685; Vernon v Nassau County Med. Center, 102 AD2d 852). The affidavit of plaintiff Claire Reed with the supporting exhibits is not sufficient to establish that the defendant doctor committed malpractice (see, Gilligan v Miller, 99 AD2d 767). In any event, in this case, where the alleged malpractice occurred almost 11 years ago, the illness of plaintiffs' attorney, which was proffered as an excuse for plaintiffs' failure to comply

with the 90-day notice served pursuant to CPLR 3216, is not sufficient because the delay in issue occurred after the period of recuperation from the illness suffered by plaintiffs' attorney *(cf. Berman v Brunswick Hosp. Center,* 94 AD2d 736). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.