■ SUELLEN AMSLER et al., Appellants, v GEORGE VERRILLI et al., Defendants, and PETER A. O'HARA, Respondent.—In a medical malpractice action, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Juidice, J.), dated August 19, 1985, which granted the motion of the defendant Peter A. O'Hara for summary judgment dismissing the complaint as against him.

Order affirmed, with costs.

In May 1980 the plaintiff Suellen Amsler felt a lump in her left breast which ultimately resulted in a modified radical mastectomy being performed in October 1980. She complains that she was referred to the defendant Dr. O'Hara on June 23, 1980, for mammographic studies which were found to be normal. Dr. O'Hara is charged with malpractice in failing to properly interpret the X rays, in that the views were inadequate, and in that Dr. O'Hara did not personally physically examine her. Dr. O'Hara's sole participation was to review the four X-ray films taken by technicians.

In opposition to Dr. O'Hara's motion for summary judgment, the plaintiff submitted, *inter alia,* an affidavit by Dr. Martin Lehman, a radiologist. A liberal reading of Dr. Lehman's somewhat equivocal affidavit reveals, arguably, an opinion that Dr. O'Hara's conduct in not personally examining the plaintiff Suellen Amsler fell below the requisite standard of care. Totally absent from this affidavit, however, is any indication that this alleged departure by Dr. O'Hara was a proximate cause of any injury or damage to the plaintiff Suellen Amsler.

In opposing a motion for summary judgment, the plaintiffs were required to lay bare their proof *(see, Zuckerman v City of New York,* 49 NY2d 557; *Robert C. Arrants, M.D., P. C. v Robert J. Dell Angelo, M.D., P. C.,* 73 AD2d 633) and to "show facts sufficient to require a trial of any issue of fact" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; CPLR 3212 [b]).

The requisite elements of proof in a medical malpractice case are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage. In *Kletnieks v Brookhaven Mem. Assn.* (53 AD2d 169, 176), the rule was stated as follows: "Clearly, on a

trial of a medical malpractice action, as in any negligence action, a verdict finding liability can be sustained only if the proof adequately demonstrates that the negligence claimed (i.e. the 'departure') is the 'proximate cause' of the injuries sustained (see, Foley v Gillick, 39 AD2d 546; Woods v Pisillo, 35 AD2d 597; Peloro v Abbondante, 35 AD2d 561; cf. Sherman v Concourse Realty Corp., 47 AD2d 134)."

In laying bare their proof in a medical malpractice case, the plaintiffs are required to provide an affidavit of merit by a medical expert. The failure to submit an affidavit by a medical expert competent to attest to the meritorious nature of the plaintiffs' claim requires dismissal of the complaint (see, Reed v Friedman, 117 AD2d 661; see also, Salch v Paratore, 60 NY2d 851; Canter v Mulnick, 60 NY2d 689; Stolowitz v Mt. Sinai Hosp., 60 NY2d 685; Wind v Cacho, 111 AD2d 808; Vernon v Nassau County Med. Center, 102 AD2d 852).

As stated recently by the Court of Appeals in Fiore v Galang (64 NY2d 999, 1000-1001), the rule is as follows: "Moreover, in light of the plaintiffs' argument that the verified complaint should be accepted as an affidavit of merits (CPLR 105 [t]), we note that, except as to matters within the ordinary experience and knowledge of laymen, in a medical malpractice action, expert medical opinion evidence is required to demonstrate merit".

Although stated in a somewhat equivocal manner, arguably, Dr. Lehman's affidavit attests to a "departure" by Dr. O'Hara. However, the affidavit is totally silent as to the essential issue of proximate cause. The affidavit is devoid of any expression or opinion by Dr. Lehman that Dr. O'Hara's conduct, omissions or departures were a competent producing cause of any injury or damage to the plaintiff Suellen Amsler or caused a worsening of her condition. Further, there is not a word in Dr. Lehman's affidavit that timely, earlier intervention would have prevented her surgery or would have increased her chances for survival. The record does not contain even the "bland statement of opinion by a medical expert that the treatment rendered had been below acceptable standards *and caused the plaintiff's injuries*" as required by the Court of Appeals in Canter v Mulnick (60 NY2d 689, 690, *supra,* emphasis added). Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.