■ MARY E. CONRAD et al., Respondents, v CHILD'S HOSPITAL, Appellant, et al., Defendants.—Mercure, J. Appeal from an order of the Supreme Court (Harris, J.), entered March 28, 1990 in Albany County, which denied a motion by defendant Child's Hospital for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action to recover for defendants' claimed medical malpractice in causing blisters on plaintiff Mary E. Conrad's right thigh during the course of arthroscopic surgery performed at defendant Child's Hospital (here-

inafter defendant). Defendant moved for summary judgment dismissing the complaint against it and now appeals Supreme Court's order denying its motion.

We affirm. There is no question that Conrad's skin was clear at the commencement of the surgical procedure and that blisters were present on her upper right thigh thereafter. It is also undisputed that, prior to surgery, a tourniquet was placed on Conrad's upper right thigh and that a physician's assistant employed by defendant elevated her leg and bathed the area immediately below the tourniquet with Betadine. In opposition to defendant's motion, plaintiffs presented the affidavit of Albert Schein, an orthopedic surgeon, who opined, based upon his review of Conrad's medical records, that the blistering could only have resulted from excessive puddling of the Betadine solution into the soft padding underneath the tourniquet and that the failure to take known and accepted precautions to avoid such an occurrence constituted a deviation from standard and accepted medical practice and led directly to Conrad's injuries. Contrary to defendant's assertion, Schein's affidavit was adequate to demonstrate the meritorious nature of plaintiffs' claim (see, Alvarez v Prospect Hosp., 68 NY2d 320, 326-327; Winegrad v New York Univ. Med. Center, 64 NY2d 851; 76 NY Jur 2d, Malpractice, § 316, at 325-326; cf., Amsler v Verrilli, 119 AD2d 786, 787) and was, therefore, sufficient to defeat the motion for summary judgment. Finally, on this record we see no basis for a grant of partial summary judgment. Accordingly, the order of Supreme Court should be affirmed.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.