■ PETER GEORGETTI, Appellant, v UNITED HOSPITAL MEDICAL CENTER, Respondent. [611 NYS2d 583] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County, (Gurahian, J.), dated May 28, 1993, which, upon granting the defendant's motion, pursuant to CPLR 4401, to dismiss the complaint at the close of the plaintiff's case, dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant alleging that it had been negligent in failing to properly supervise him and, in particular, in failing to maintain the side rails of his hospital bed in an upright position. The plaintiff contended that, had this precautionary measure been taken, he would not have been able to get out of his bed, and, thus, he would not have fallen as he was exiting his hospital room. At trial, the plaintiff was unable to relate exactly what had caused him to fall. He merely contended that he should not have been permitted to leave his bed of his own volition. Notably, when the plaintiff fell, the physical activity order given by his attending physician called for "progressive ambulation," which was the least restrictive order that could have been given and permitted him to walk in the hall unassisted.

At the conclusion of the plaintiff's case, the defendant moved for a directed verdict on the ground that the plaintiff had failed to establish a prima facie case of negligence. The Supreme Court granted the motion finding that the plaintiff had failed to sustain his burden of proving that any alleged

deviations from standard nursing practice were the proximate cause of his injuries. We affirm.

A claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury (see, *Amsler v Verrilli*, 119 AD2d 786). It is clear that, when an attending physician gives direct and explicit orders to hospital staff, nurses are not authorized to unilaterally depart from them, and, thus, a hospital is normally protected from tort liability if its staff follows orders (see, *Toth v Community Hosp.*, 22 NY2d 255, 265).

Here, keeping the side rail in an upright position would have interfered with the permissive physical activity order given by the attending physician. Viewing the evidence in the light most favorable to the plaintiff (see, *O'Brien v Covert*, 187 AD2d 419, 420), we conclude that the trier of facts could not have concluded by any rational process that a deviation from accepted nursing practice proximately caused the plaintiff's injuries (see, *Amsler v Verrilli, supra; Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366). Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.