■ Henri LaMarque, Individually and as Guardian for and on Behalf of Deena LaMarque, an Infant, et al., Respondents, v North Shore University Hospital et al., Appellants. [643 NYS2d 221] —In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 25, 1995, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In moving for summary judgment dismissing the complaint, the defendants submitted expert medical opinion alleging, among other things, that the care and treatment rendered to the plaintiff Henri LaMarque was in accordance with good medical and psychiatric practice and that this plaintiff was properly evaluated and admitted, albeit involuntarily, at the defendant hospital. Contrary to the Supreme Court's finding, this evidence was sufficient to establish a prima facie showing of the defendants' entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiffs submitted only an affirmation from their attorney and an affidavit of a psychologist. An expert witness must possess the requisite skill, training, knowledge, or experience to ensure that an opinion rendered is reliable (*Matott v Ward,* 48 NY2d 455). The plaintiffs' expert, who is not a medical doctor,

failed to show her qualifications to render an expert opinion as to the appropriate standards of medical and psychiatric care, and what, if any, departures from that standard of care were committed by the defendants (*see, Daum v Auburn Mem. Hosp.,* 198 AD2d 899; *McDonnell v Nassau,* 129 Misc 2d 228). Accordingly, the plaintiffs' proof failed to demonstrate the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.