**George KOURKOUNAKIS, Plaintiff–Appellant,**

v.

**Joseph Dello RUSSO, Defendant–Appellee.**

**No. 05–2927–CV.**

United States Court of Appeals, Second Circuit.

Feb. 14, 2006.

---

Victor M. Serby (Catherine M. Conrad on the brief), Woodmere, N.Y. for Plaintiff–Appellant.

John Tomaszewski, Marulli & Associates P.C., for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment and order of the district court be **AFFIRMED.**

In this diversity suit, George Kourkounakis ("Kourkounakis") asserts state claims arising out of injuries allegedly suffered after undergoing LASIK surgery: (a) that Dr. Joseph Dello Russo ("Dello Russo") failed to elicit informed consent and (b) that Dello Russo deviated from accepted medical practice in the surgery. This Court reviews a grant of summary judgment *de novo*. *Santos v. Murdock,* 243 F.3d 681, 683 (2d Cir.2001). Kourkounakis also challenges an order of the district court conditioning a time extension for filing expert reports on the payment of a $1,000 sanction to the clerk's office. This court reviews the imposition of Rule 37 sanctions for abuse of discretion. *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir.1991). We assume familiarity with the facts, the procedural history, and the issues on appeal.

1. New York law requires a medical malpractice plaintiff to establish (*inter alia*) "a deviation or departure from accepted practice." *Amsler v. Verrilli,* 119 A.D.2d 786, 786, 501 N.Y.S.2d 411 (1986). Plaintiff attempted to adduce evidence as to this element by producing the supposedly expert opinion of one Bruce Randolph Tizes, M.D., J.D. The district court rejected Tizes' qualifications to render an expert opinion on the LASIK procedure in view of the fact that he had not practiced medicine since the mid–1990s, did not appear to have a valid medical license, never trained in that methodology, never performed or was accredited in LASIK, and never examined the plaintiff. For summary judgment appeals where "contested evidence is essential ... and the trial court has excluded the evidence, we may decide the appeal ... on the basis of the soundness of the evidentiary ruling." *Raskin v. Wyatt Co.,* 125 F.3d 55, 67 (2d Cir.1997). We affirm, because the district court did not abuse its discretion in concluding that Dr. Tizes lacked the necessary qualifications to establish an issue of material fact as to the adequacy of the procedures Dello Russo followed. *See Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Plaintiff also failed to produce competent expert evidence for his claim of lack of informed consent. Under New York law, a patient making this claim must "adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent." N.Y. Civ. Prac. L. & R. § 4401–a (McKinney 2005). *See also, LaMarque v. North Shore Univ. Hosp.,* 227 A.D.2d 594, 594, 643 N.Y.S.2d 221 (N.Y.App.Div.1996) ("An expert witness must possess the requisite skill, training, knowledge, or experience to ensure that an opinion rendered is reliable."). Based on the same concerns with Dr. Tizes's qualifications discussed above, the district court did not abuse its discretion in finding the testimony of Dr. Tizes incompetent to sustain the plaintiff's claim of lack of informed consent.

2. Under Rule 37(b), a district court may order any "just" sanction for failure to comply with a discovery order. Fed.R.Civ.P. 37(b)(2). Under Rule 37, the district court has "broad" discretion to curb "abusive litigation practices." *Friends of Animals v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir. 1997). The district court's case management plan called for Kourkounakis's expert report to be filed by October 20, 2004; Korukounakis only sought an extension of time for the first time at a December 15 conference. The district court found that this delinquency was part of "a practice ... of disregarding orders and deadlines set by the Court," and did not abuse its discretion in imposing a $1,000 sanction under Rule 37.

For the foregoing reasons, we AFFIRM the judgment and order of the district court.