■ David Pullman, Appellant, v David A. Silverman, M.D., et al., Respondents. [5 NYS3d 38]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered September 24, 2012, dismissing the complaint, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered August 28, 2012 and April 10, 2013, which, respectively, granted defendant's motion for summary judgment dismissing the complaint and, to the extent appealable, denied plaintiff's motion to renew the August 28, 2012 determination, unanimously dismissed, without costs, as subsumed in the appeal from the judgment, and as academic, respectively.

A defendant in a medical malpractice action establishes prima facie entitlement to summary judgment when he establishes that in treating plaintiff he did not depart from good and accepted medical practice or that such departure did not proximately cause plaintiff's injuries. Once a defendant doctor meets that burden, plaintiff must rebut by showing with medical evidence that defendant departed from accepted medical practice and that such departure was a proximate cause of the injuries alleged (*see Scalisi v Oberlander*, 96 AD3d 106, 120 [1st Dept 2012]).

Ordinarily, the opinion of a qualified expert that plaintiff's injuries were caused by a deviation from relevant standards would preclude a grant of summary judgment. However, "where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]).

Applying the test in *Frye v United States* (293 F 1013 [DC Cir 1923]), New York courts permit expert testimony based on scientific principles, procedures or theories only after they have gained general acceptance in the relevant scientific field (*see People v Wesley*, 83 NY2d 417, 422 [1994]). Under the *Frye* test, the burden of proving general acceptance rests upon the party offering the disputed expert testimony (*see Lara v New York City Health & Hosps. Corp.*, 305 AD2d 106 [1st Dept 2003]).

The court properly found that plaintiff failed to submit evi-

dence sufficient to raise a triable issue of fact that his experts' opinions were generally accepted in the medical community. Although plaintiff submitted numerous articles in medical literature concerning adverse reactions to Lipitor and Azithromycin, none of the articles linked atrioventricular (AV) heart block to the drugs prescribed by defendant. Biological plausibility and convergence in time between the administration of the drugs and the AV heart block diagnosis are insufficient, where no scientific evidence of causation was provided. "[O]bservational studies or case reports are not generally accepted in the scientific community on questions of causation" (*Heckstall v Pincus*, 19 AD3d 203, 205 [1st Dept 2005]; *Pauling v Orentreich Med. Group*, 14 AD3d 357, 358 [1st Dept 2005], *lv denied* 4 NY3d 710 [2005]).

The motion to renew was properly denied because plaintiff failed to submit "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; *American Audio Serv. Bur. Inc. v AT & T Corp.*, 33 AD3d 473, 476 [1st Dept 2006]). The additional case reports did not raise an issue concerning the general acceptance of plaintiff's experts' causation theory in the medical community. Denial of the motion to reargue is not appealable (*see Lopez v Post Mgt. LLC*, 68 AD3d 671 [1st Dept 2009]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ. **[Prior Case History: 2012 NY Slip Op 32242(U).]**