■ ANDY NGUYEN, Appellant, v JEAN DORCE, D.O., Respondent, et al., Defendants. [5 NYS3d 30]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 17, 2013, which, to the extent appealed from as limited by the briefs, granted defendant Jean Dorce, D.O.'s motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

Plaintiff contends that defendant Dorce, an emergency room

(ER) attending physician, failed to properly treat and diagnose the decedent during a June 19, 2007 visit to the ER at defendant St. Barnabas Hospital that ended in her death. The decedent, who had undergone gastric bypass surgery approximately five months earlier, presented to the ER with sudden onset abdominal pain, and was ultimately diagnosed with a perforated viscus after a finding was made of "free air" in the peritoneum.

Dorce established prima facie that he did not depart from accepted medical practice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Dorce's expert opined that Dorce appropriately treated the decedent conservatively, ordered laboratory and diagnostic tests, relied upon the radiologist's initial reading of a CT scan, and requested and obtained a surgical consultation, and that any delay alleged to be attributable to Dorce did not, in any event, proximately cause the decedent's injuries or death. Significantly, the radiologist who read the CT scan first admitted that his initial interpretation did not include a finding of "free air," and there is no evidence that Dorce learned of the presence of free air before the second radiological review of the films was conducted, hours later, when the surgeon consulted.

In opposition, plaintiff failed to raise an issue of fact by submitting a non-conclusory opinion by a qualified expert (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]). Plaintiff's expert, a pathologist, failed to profess personal knowledge of the standard of care in the field of emergency medicine, whether acquired through his practice or studies or in some other way (*see Romano v Stanley*, 90 NY2d 444, 452 [1997]). As plaintiff points out, a physician may qualify as an expert by study of the subject alone (*Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398 [1941]). However, the nature of that study must be identified (*see id.* at 397-398).

In any event, plaintiff's expert's opinion was insufficient to raise an issue of fact because it was conclusory, relied on assumptions based upon hindsight, and failed to address the presence of factors not common to a perforated viscus. The expert also failed to causally connect the alleged delay in diagnosing and treating the decedent's condition, which had a high mortality rate, to her death (*see Mortensen v Memorial Hosp.*, 105 AD2d 151 [1st Dept 1984]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.