■ CHRISTIAN UDOYE et al., Appellants, v WESTCHESTER-BRONX OB/GYN, P.C., et al., Respondents. [7 NYS3d 59]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 9, 2013, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants are the obstetricians and the Obstetrics Group that rendered prenatal care to plaintiff's decedent Obianuju Udoye, the cardiologists and the Cardiology Group to whom she was referred for a heart murmur, and the hospital where she delivered her second child.

Plaintiff alleges that all defendants departed from accepted medical practices in failing to diagnose viral myocarditis in decedent, which resulted in her death about six weeks after she gave birth. At two months pregnant, the decedent presented to the Obstetrics Group with a suspected heart murmur. Referral to defendants cardiologists and the Cardiology Group resulted in a normal EKG and an echocardiogram showing no structural heart defects. On September 14, 2004, during her pregnancy, plaintiff experienced a dizzy spell at the Obstetrics Group, which referred her to the hospital. Decedent's obstetrician found a normal EKG and dizziness abated with the

introduction of IV fluids. A second dizzy spell, on October 6, 2004, the day after she gave birth, where she fainted getting out of bed, was alleviated when she received ammonia inhalant (smelling salts).

The physician defendants established prima facie that they did not depart from accepted medical practice (*see Scalisi v Oberlander*, 96 AD3d 106, 120 [1st Dept 2012]; *Rivera v Greenstein*, 79 AD3d 564 [1st Dept 2010]). The Obstetrics Group's expert opined that the obstetricians properly referred plaintiff to a cardiologist and were not advised of any other signs or symptoms of heart disease. The Cardiology Group's expert opined that the cardiologists performed heart testing in March 2004, and never saw plaintiff after that date.

Lawrence Hospital established prima facie entitlement to summary judgment, since decedent was under the care of her private attending physicians, and the hospital's staff followed these physician's orders (*see Suits v Wyckoff Hgts. Med. Ctr.*, 84 AD3d 487, 488 [1st Dept 2011]).

In opposition, plaintiff failed to raise an issue of fact. The court properly found, after a hearing, that plaintiff's expert, a pathologist, was not qualified to render an opinion as to the standard of care as to obstetrics or cardiology (*see Nguyen v Dorce*, 125 AD3d 571 [1st Dept 2015]). In any event, the expert's opinion, that decedent's cardiac abnormalities were consistent with myocarditis, which caused arrhythmias during and after the pregnancy, which arrhythmias caused the patient to experience dizziness, was belied by the record. Decedent had no documented arrhythmias, a finding that the expert later conceded under oath. Thus, his opinion was unfounded (*see Roques v Noble*, 73 AD3d 204, 206 [1st Dept 2010]).

Moreover, since there was no basis for the expert's opinion that alleged arrhythmias caused decedent's fainting episode at the hospital (*see id.*), the contention that the nurse should have called an attending or ordered consultations has no merit, even assuming that this theory of liability had been timely pleaded (*see Abalola v Flower Hosp.*, 44 AD3d 522 [1st Dept 2007]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Clark, JJ.