This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 151
David Pullman,
           Appellant,
        v.
David A. Silverman, M.D., et al.,
           Respondents.

           Brian J. Isaac, for appellant.
           Elliott J. Zucker, for respondents.

MEMORANDUM:

           The order of the Appellate Division should be reversed,

with costs, defendant David A. Silverman, M.D.'s motion for

summary judgment denied, and the certified question answered in

the negative.

           In this medical malpractice action, plaintiff alleged

- 1 -

that defendant's negligent administration of Lipitor and his negligent administration of the combination of Lipitor and azithromycin caused him to have a cardiac arrhythmia, which progressed to third degree atrioventricular (AV) heart block necessitating the placement of a permanent pacemaker. Specifically, in his bill of particulars, plaintiff alleged in part that Dr. Silverman committed medical malpractice: "in negligently prescribing Lipitor;" "in negligently prescribing Azithromycin;" and "in negligently failing to consider the possible adverse drug interactions in a patient on both Lipitor and Azithromycin[.]"  Accordingly, as set forth in that bill of particulars, plaintiff alleged his AV heart block resulted from the negligent administration of the combination of Lipitor and azithromycin, and that taking both drugs concurrently proximately caused plaintiff's injuries.  Plaintiff did not, as suggested by the dissent, exclusively "claim[] in his bill of particulars that defendant 'exacerbated [p]laintiff's adverse reaction to Lipitor by prescribing . . . Azithromycin.'"

        Defendant moved for summary judgement solely on the issue of proximate cause and submitted a medical expert affidavit in support of his motion.[1]  While defendant's expert characterized plaintiff's allegations of malpractice as

_____

    [1] The issue of the proper medical malpractice summary judgement standard discussed in the concurrence is not before this Court, it was not briefed by the parties, and we do not address it.

"center[ed] around an alleged contraindicated prescription by Dr. Silverman to plaintiff of Lipitor separately and/or in conjunction with Azithromycin," it was clear from plaintiff's bill of particulars -- despite defendant's somewhat confusing use of "and/or" -- that the combination of both drugs established one basis for the claimed negligence.  However, defendant's expert failed to address the effect of azithromycin administration alone or in conjunction with Lipitor.  To the contrary, defendant's expert affidavit addressed azithromycin only in conclusory statements unsupported by any reference to medical research.

In opposition, plaintiff and his experts asserted, *inter alia*, that defendant's expert's affidavit did not adequately address the concurrent azithromycin prescription and did not cite to any medical research in support of his conclusions about the combined effect.  Accordingly, plaintiff argued, defendant failed as a matter of law to eliminate all triable issues of fact regarding whether the combined effect of the drugs could have proximately caused plaintiff's eventual heart block.

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to summary judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact"(Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Failure to make such prima facie "showing requires denial of the

motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Establishing entitlement to summary judgement as a matter of law requires the defendant to "rebut[] with factual proof plaintiff's claim of malpractice" (Alvarez, 68 NY2d at 325). "Bare conclusory assertions . . . with no factual relationship to the alleged injury" are insufficient to "establish that the cause of action has no merit so as to entitle defendant[] to summary judgment" (Winegrad, 64 NY2d at 853).

Here, defendant's expert proffered only conclusory assertions unsupported by any medical research that defendant's actions in prescribing both drugs concurrently did not proximately cause plaintiff's AV heart block. These conclusory statements did not adequately address plaintiff's allegations that the concurrent Lipitor and azithromycin prescriptions caused plaintiff's injuries. By ignoring the possible effect of the azithromycin prescription, defendant's expert failed to "tender[] sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez, 68 NY2d at 324) as to proximate causation and, as a result, defendant was not entitled to summary judgment. Because defendant failed to meet his prima facie burden, it is unnecessary to review the sufficiency of the plaintiff's opposition papers (Winegrad, 64 NY2d at 853).

Pullman v Silverman et al.

No. 151

FAHEY, J. (concurring):

Although I join the majority's memorandum decision, I write separately to note that the Court takes no position on whether the Appellate Division correctly stated the standard governing the shifting of burden in a medical malpractice summary judgment motion. This issue was raised by the parties in their briefs, but not thoroughly discussed.

According to the decision below, if a defendant in a medical malpractice action establishes prima facie entitlement to summary judgment, by a showing either that he or she did not depart from good and accepted medical practice or that any departure did not proximately cause the plaintiff's injuries, plaintiff is required to rebut defendant's prima facie showing "with medical evidence that defendant departed from accepted medical practice and that such departure was a proximate cause of the injuries alleged" (Pullman v Silverman, 125 AD3d 562, 562 [1st Dept 2015] [emphasis added]). While this statement reflects First Department jurisprudence (see e.g. Kristal R. v Nichter, 115 AD3d 409, 411-412 [1st Dept 2014]; Bacani v Rosenberg, 74 AD3d 500, 501-502 [1st Dept 2010], lv denied 15 NY3d 708 [2010]), the Second Department has held since 2011 that if "a defendant

- 1 -

physician, in support of a motion for summary judgment, demonstrates only that he or she did not depart from the relevant standard of care, there is no requirement that the plaintiff address the element of proximate cause in addition to the element of departure" (Stukas v Streiter, 83 AD3d 18, 24-25 [2d Dept 2011], disavowing Amsler v Verrilli, 119 AD2d 786 [2d Dept 1986]; see also e.g. Ahmed v Pannone, 116 AD3d 802, 805-806 [2d Dept 2014], lv dismissed 25 NY3d 964 [2015]; Makinen v Torelli, 106 AD3d 782, 783-784 [2d Dept 2013]).  Rather, plaintiff "need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Stukas, 83 AD3d at 24). In short, there is an Appellate Division split.  The other Departments of the Appellate Division side with the First (see e.g. Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273-1274 [4th Dept 2015]; Longtemps v Oliva, 110 AD3d 1316, 1317-1318 [3d Dept 2013]).

The Stukas Court explained the Second Department's rationale as follows:

> "In the context of any motion for summary judgment, a party's prima facie showing of entitlement to judgment as a matter of law shifts the burden to the nonmoving party, not to prove his or her entire case, as he or she will have the burden of doing at trial, but merely to raise a triable issue of fact with respect to the elements or theories established by the moving party.  There is no valid reason for adopting a different rule in medical malpractice cases."  (Stukas, 83 AD3d at 25.)

The Second Department reasoned that the contrary rule, requiring the nonmoving party to raise a triable issue of fact with respect to an element upon which the moving party has not made a prima facie showing, is

> "incompatible with the maxim that the moving party's evidence must be viewed in the light most favorable to the nonmoving party, as well as the general principle that summary judgment is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues of fact. It is neither logical nor fair to require the nonmoving plaintiff, who has previously alleged in the pleadings that the defendant's departure was a proximate cause of the claimed injuries, to come forward with evidence addressing an element that was never raised by the moving defendant. To require a plaintiff to address both departure and causation in opposing a defendant physician's prima facie showing as to departure only, conflates these two distinct elements, which have always been treated separately in our jurisprudence involving medical malpractice and negligence in general" (id. at 30).

As the Stukas Court noted (see id. at 23-24), the focus on specific rebuttal of a claim in the Second Department's analysis is supported by our language in Alvarez v Prospect Hosp. (68 NY2d 320 [1986]). There we wrote that "[i]n a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he [or she] was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (id. at 324 [emphasis added]). By

contrast, opinions repeating the First Department's standard largely do so without citation to Court of Appeals precedent. Amsler v Verrilli (119 AD2d 786 [2d Dept 1986]), which was expressly disavowed in Stukas, cited Zuckerman v City of New York (49 NY2d 557 [1980]), but that decision held that "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement" (Zuckerman, 49 NY2d at 560 [emphasis added]). Zuckerman did not speak to the burden-shifting issue that divides the Appellate Division.[1]

The present appeal does not give the Court an opportunity to decide whether Stukas properly describes the law of medical malpractice summary judgment in New York. First, Pullman is not a case in which the Appellate Division required plaintiff to show a triable issue of fact with respect to an

---

[1]     This Court appears to have applied the Stukas standard in our memorandum decision Orsi v Haralabatos (20 NY3d 1079 [2013]), in which defendants, through expert affidavits, met their burden on good and accepted medical practice, but failed to address proximate causation. Holding that plaintiff raised a triable issue of fact as to departure from good and accepted medical practice, we denied so much of defendants' motion as sought summary judgment dismissing the medical malpractice cause of action against them. We did not require plaintiff to raise a triable issue of fact as to proximate causation as well, in order to withstand summary judgment.

element on which it found defendant made no prima facie showing. Second, this Court holds that defendant failed to meet his burden, so that no burden-shifting is needed.  The fact that I am joining the majority does not indicate my opinion on the resolution of the split among the Appellate Division Departments on this issue.

Pullman v Silverman

No. 151

STEIN, J.(dissenting):

I would affirm the order of the Appellate Division. Plaintiff's allegations of malpractice "center[ed] around an alleged contraindicated prescription by Dr. Silverman to plaintiff of Lipitor separately and/or in conjunction with Azithromycin."  As the majority recognizes, plaintiff claims that "defendant's negligent administration of Lipitor and his negligent administration of the combination of Lipitor and [A]zithromycin" caused his injuries (maj at 2).  The nature of this claim can be more fully understood when read in light of plaintiff's more specific explanation in his bill of particulars that defendant "exacerbated [p]laintiff's adverse reaction to Lipitor by prescribing the concurrent administration of Azithromycin."

In my view, defendant met his burden of establishing prima facie entitlement to summary judgment.  That is, "[a] fair reading of the [expert affidavit], [and] hospital records . . . compel the conclusion that no material triable issues of fact exist as to the claims of malpractice asserted against the defendant in the amended complaint as amplified by the bill of particulars" (Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]

- 1 -

[emphasis added]).  The affidavit of defendant's expert explains that no epidemiological studies even link Lipitor or other statins to plaintiff's injury and that an isolated case report -- which, as the expert noted, cannot demonstrate causation (see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 783 [2014]) -- showing that Lipitor, in combination with drugs other than Azithromycin, caused a type of myopathy was not relevant because plaintiff's medical records revealed that he did not have myopathy.  The expert affidavit sufficiently demonstrated, for purposes of making a prima facie case, that plaintiff had no pertinent adverse reaction to Lipitor that could have been exacerbated by the prescription of Azithromycin, which was the basis of plaintiff's claim that the combination of drugs injured him.  Contrary to the majority's conclusion, the expert was not required to further "address the effect of [A]zithromycin administration alone or in conjunction with Lipitor" (maj at 3), which is the converse of plaintiff's claim, as opposed to his actual claim.

With defendant having made a prima facie showing, the burden shifted to plaintiff to raise a triable issue of fact. Inasmuch as there is simply too great of an analytical gap between the data relied upon by plaintiff's experts and their conclusion that Lipitor, alone or in conjunction with Azithromycin, caused plaintiff's injuries, defendant's motion for summary judgment was properly granted (see Cornell, 22 NY3d at

781).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order reversed, with costs, defendant David A. Silverman, M.D.'s motion for summary judgment denied, and certified question answered in the negative, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Fahey and Garcia concur, Judge Fahey in a separate concurring opinion.  Judge Stein dissents and votes to affirm in an opinion in which Judges Rivera and Abdus-Salaam concur.


Decided November 1, 2016