Fahey, J.
(concurring). Although I join the majority’s memorandum decision, I write separately to note that the Court takes no position on whether the Appellate Division correctly stated the standard governing the shifting of burden in a medical malpractice summary judgment motion. This issue was raised by the parties in their briefs, but not thoroughly discussed.
According to the decision below, if a defendant in a medical malpractice action establishes prima facie entitlement to summary judgment, by a showing either that he or she did not depart from good and accepted medical practice or that any departure did not proximately cause the plaintiff’s injuries, plaintiff is required to rebut defendant’s prima facie showing “with medical evidence that defendant departed from accepted medical practice and that such departure was a proximate cause of the injuries alleged” (Pullman v Silverman, 125 AD3d 562, 562 [1st Dept 2015] [emphasis added]). While this statement reflects First Department jurisprudence (see e.g. Kristal R. v Nichter, 115 AD3d 409, 411-412 [1st Dept 2014]; Bacani v Rosenberg, 74 AD3d 500, 501-502 [1st Dept 2010], lv denied 15 NY3d 708 [2010]), the Second Department has held since 2011 that if “a defendant physician, in support of a motion for summary judgment, demonstrates only that he or she did not depart from the relevant standard of care, there is no requirement that the plaintiff address the element of proximate cause in addition to the element of departure” (Stukas v Streiter, 83 AD3d 18, 24-25 [2d Dept 2011], disavowing Amsler v Verrilli, 119 AD2d 786 [2d Dept 1986]; see also e.g. Ahmed v Pannone, 116 AD3d 802, 805-806 [2d Dept 2014], lv dismissed 25 NY3d *1064 964 [2015]; Makinen v Torelli, 106 AD3d 782, 783-784 [2d Dept 2013]). Rather, plaintiff “need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party’s prima facie showing” (Stukas, 83 AD3d at 24). In short, there is an Appellate Division split. The other Departments of the Appellate Division side with the First (see e.g. Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273-1274 [4th Dept 2015]; Longtemps v Oliva, 110 AD3d 1316, 1317-1318 [3d Dept 2013]).
The Stukas Court explained the Second Department’s rationale as follows:
“In the context of any motion for summary judgment, a party’s prima facie showing of entitlement to judgment as a matter of law shifts the burden to the nonmoving party, not to prove his or her entire case, as he or she will have the burden of doing at trial, but merely to raise a triable issue of fact with respect to the elements or theories established by the moving party. There is no valid reason for adopting a different rule in medical malpractice cases.” (Stukas, 83 AD3d at 25.)
The Second Department reasoned that the contrary rule, requiring the nonmoving party to raise a triable issue of fact with respect to an element upon which the moving party has not made a prima facie showing, is
“incompatible with the maxim that the moving party’s evidence must be viewed in the light most favorable to the nonmoving party, as well as the general principle that summary judgment is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues of fact. It is neither logical nor fair to require the nonmoving plaintiff, who has previously alleged in the pleadings that the defendant’s departure was a proximate cause of the claimed injuries, to come forward with evidence addressing an element that was never raised by the moving defendant. To require a plaintiff to address both departure and causation in opposing a defendant physician’s prima facie showing as to departure only, conflates these two distinct elements, which have always been treated separately in our jurisprudence involving medical malpractice and negligence in general” (id. at 30).
*1065 As the Stukas Court noted (see id. at 23-24), the focus on specific rebuttal of a claim in the Second Department’s analysis is supported by our language in Alvarez v Prospect Hosp. (68 NY2d 320 [1986]). There we wrote that
“[i]n a medical malpractice action, a plaintiff, in opposition to a defendant physician’s summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he [or she] was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact” (id. at 324 [emphasis added]).
By contrast, opinions repeating the First Department’s standard largely do so without citation to Court of Appeals precedent. Amsler v Verrilli (119 AD2d 786 [2d Dept 1986]), which was expressly disavowed in Stukas, cited Zuckerman v City of New York (49 NY2d 557 [1980]), but that decision held that
“where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement” (Zuckerman, 49 NY2d at 560 [emphasis added]).
Zuckerman did not speak to the burden-shifting issue that divides the Appellate Division.*
The present appeal does not give the Court an opportunity to decide whether Stukas properly describes the law of medical malpractice summary judgment in New York. First, Pullman is not a case in which the Appellate Division required plaintiff to show a triable issue of fact with respect to an element on which it found defendant made no prima facie showing. Second, this *1066 Court holds that defendant failed to meet his burden, so that no burden-shifting is needed. The fact that I am joining the majority does not indicate my opinion on the resolution of the split among the Appellate Division Departments on this issue.

 This Court appears to have applied the Stukas standard in our memorandum decision Orsi v Haralabatos (20 NY3d 1079 [2013]), in which defendants, through expert affidavits, met their burden on good and accepted medical practice, but failed to address proximate causation. Holding that plaintiff raised a triable issue of fact as to departure from good and accepted medical practice, we denied so much of defendants’ motion as sought summary judgment dismissing the medical malpractice cause of action against them. We did not require plaintiff to raise a triable issue of fact as to proximate causation as well, in order to withstand summary judgment.