Dexter Manswell et al., Respondents, v Montefiore Medical Center, Appellant. [42 NYS3d 13]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 9, 2015, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for negligence and medical malpractice, plaintiff alleges that his wife died while a patient at defendant hospital as a result of defendant's negligent delay in performing an intubation when decedent was discovered unresponsive and hypoxic.

Defendant met its initial burden of demonstrating its entitlement to judgment as a matter of law with its expert's opinion (*see Pullman v Silverman*, 125 AD3d 562, 562 [1st Dept 2015]). Defendant's expert opined that defendant's staff responded timely and properly to decedent being found unresponsive and hypoxic. He further opined that decedent's death was caused by complications stemming from her multiple medical problems, and not by any action or inaction by defendant.

In opposition, plaintiff submitted a nonconclusory opinion from a qualified expert, which was sufficient to preclude summary judgment (*Pullman*, 125 AD3d at 562). Plaintiff's expert, a pathologist, is indisputably qualified to opine on decedent's cause of death—the primary focus of his opinion. While defendant is correct that plaintiff's expert is not qualified to opine as to the standard of care applicable to a critical care physician presented with a live patient who is unresponsive and hypoxic (*see Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Udoye v Westchester-Bronx OB/GYN, P.C.*, 126 AD3d 653, 654 [1st Dept 2015]; *Nguyen v Dorce*, 125 AD3d 571, 572 [1st Dept 2015]), defendant does not dispute that the alleged delay of 45 minutes to an hour, if in fact there was such a delay (a fact the parties heavily dispute), would be a departure from the relevant standard of care. As such, plaintiff's failure to present expert testimony on this point is immaterial.

Defendant's remaining criticisms of plaintiff's expert opinion are likewise unavailing, as they merely highlight issues of fact and credibility for the jury to resolve (*Bradley v Soundview Healthcenter*, 4 AD3d 194 [1st Dept 2004]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ. ■