Gruberg v TenBroeck Ctr. for Rehabilitation & Nursing (2024 NY Slip Op 03416)

Gruberg v TenBroeck Ctr. for Rehabilitation & Nursing

2024 NY Slip Op 03416

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-07964
 (Index No. 80033/20)

[*1]Elizabeth Gruberg, et al., appellants, 
v
TenBroeck Center for Rehabilitation and Nursing, et al., respondents.

Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for appellants.
Catania, Mahon & Rider, PLLC, Newburgh, NY (Ari I. Bauer of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated September 14, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In January 2017, the plaintiff Elizabeth Gruberg (hereinafter the injured plaintiff) enrolled in a certified nursing assistant (hereinafter CNA) training program. The CNA program consisted of classroom training at nonparty Ulster BOCES followed by clinical training at the defendant TenBroeck Center for Rehabilitation and Nursing (hereinafter TenBroeck). After completing the classroom portion of the program, the injured plaintiff began the clinical portion of the program under the supervision of the defendant Nancy Kinlin, a registered nurse. The injured plaintiff allegedly was injured while transferring a patient from a bed to a wheelchair.
Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendants, alleging that Kinlin was negligent in failing to properly assist, instruct, supervise, and train the injured plaintiff. The defendants moved for summary judgment dismissing the complaint. In an order dated September 14, 2022, the Supreme Court granted the motion. The plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "'A claim of professional negligence requires proof that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury'" (Abrams v Bute, 138 AD3d 179, 184, quoting Georgetti v United Hosp. Med. Ctr., 204 AD2d 271, 272). Here, the defendants established their prima facie entitlement to summary judgment by submitting, inter alia, the expert affidavit of a registered nurse and CNA clinical program coordinator, which stated that Kinlin's conduct did not depart from accepted standards of practice in her capacity as a registered nurse in charge of supervising students in a clinical setting. The expert also stated that Kinlin did not cause or contribute to the injuries allegedly sustained by the injured plaintiff.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the affidavit of their expert, an orthopedic surgeon, was insufficient to raise a triable issue of fact as to whether Kinlin's conduct as a clinical supervisor was in accordance with the relevant accepted standards of practice. There was no showing that the plaintiff's purported expert had any specialized knowledge, experience, training, or education that would qualify him to render an opinion regarding the accepted standards of practice of a registered nurse in charge of supervising students in a clinical setting (see Ponzini v Sag Harbor Union Free Sch. Dist., 166 AD3d 914, 916; Hofmann v Toys "R" Us, NY Ltd. Partnership, 272 AD2d 296, 296). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court