■ GERALDINE PAULING, Appellant, v ORENTREICH MEDICAL GROUP et al., Respondents, et al., Defendants. [787 NYS2d 311]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered May 18, 2004, dismissing the complaint, unanimously affirmed, without costs.

Plaintiff failed to meet her burden of proof at the *Frye* hearing (*Frye v United States*, 293 F 1013 [1923]) that her theory of causation is generally accepted in the medical community (*see Lara v New York City Health & Hosps. Corp.*, 305 AD2d 106 [2003], citing, inter alia, *People v Wesley*, 83 NY2d 417, 422-423 [1994]). The theory is that facial injections of liquid silicone over a long period of time, administered to plaintiff as an acne

treatment, can cause a systemic disease that plaintiff's expert calls "silicone toxicity." Plaintiff's expert conceded that such disease is novel and is not recognized in standard textbooks, and indeed, except for his own unpersuasive observational studies (*see In re Breast Implant Litig.*, 11 F Supp 2d 1217, 1230-1231 [D Colo 1998]), no supporting medical literature whatsoever was entered into evidence. Plaintiff's expert further admitted that no scientific organization or national board has recognized a causal relationship between silicone and systemic disease, and that reputable scientific institutions, including the Mayo Clinic, the American College of Rheumatology and the American Medical Association have issued statements that there is no evidence of such relationship. Accordingly, the trial court properly precluded plaintiff's expert from testifying (*see Lara* at 106). Plaintiff's unpreserved claim that the trial court should have applied the more flexible standard for admitting expert testimony articulated in *Daubert v Merrell Dow Pharms., Inc.* (509 US 579 [1993]) is without merit (*see Wesley*, 83 NY2d at 423 n 2; *see also People v Lee*, 96 NY2d 157, 162 [2001]; *People v Wernick*, 89 NY2d 111, 115-116 [1996]); in any event, the *Daubert* standard would not yield a different result (*see In re Breast Implant Litig.*, 11 F Supp 2d 1217 [1998], *supra; Meister v Medical Eng'g Corp.*, 267 F3d 1123 [DC Cir 2001]). Nor does plaintiff have a claim for local, i.e., topical, injuries, where she failed to provide CPLR 3101 (d) notice of expert testimony as to the acceptable standards of dermatological care, or to show that her rheumatologist, originally offered as a causation expert with respect to her systemic injuries, had the requisite knowledge of dermatology (*compare Erbstein v Savasatit*, 274 AD2d 445, 445 [2000], *with Weinstein v Daman*, 132 AD2d 547, 550 [1987], *lv dismissed* 70 NY2d 951 [1988]). Without expert testimony, plaintiff cannot establish a prima facie case of medical malpractice in this case (*see* Prince, Richardson on Evidence § 7-302, at 459-460 [Farrell 11th ed]). Concur—Andrias, J.P., Saxe, Friedman and Gonzalez, JJ.