(June 16, 2005)

■ SCOTT HECKSTALL, as Administrator of the Estate of VALERIE HECKSTALL, Also Known as VALARIE HECKSTALL, Deceased, Respondent, v SUSAN PINCUS, M.D., et al., Appellants. [797 NYS2d 445]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered July 12, 2004, which denied defendants' motions for summary judgment, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This action was commenced to recover damages for wrongful death allegedly resulting from decedent's consumption of two tablets of Bupropion, prescribed by defendant physician as a smoking cessation aid. Recovery is sought: (1) against defendant Pincus for lack of informed consent and medical malpractice; and (2) against defendant Glaxo, in strict liability and negligence, for failure to warn, breach of warranty and design defect.

The IAS court denied defendants' respective motions for summary judgment, finding several disputed, material issues of fact, including: (1) the cause of death, (2) whether sufficient warnings were provided, and (3) whether Dr. Pincus departed from accepted medical practice. Regardless of these disputed facts, however, to prevail against Glaxo, plaintiff must tender evidence in admissible form demonstrating "general causation," i.e., that Bupropion can cause an arrhythmia, and also "specific causation," i.e., that decedent's ingestion of two doses of Bupropion created or aggravated the arrhythmia that caused her death (see DeVito v SmithKline Beecham Corp., 2004 US Dist LEXIS 27374, *5 [ND NY, Nov. 29, 2004]).

Similarly, to succeed on claims against Dr. Pincus, plaintiff must show that there was a causal link between the prescription and the death (see Pauling v Orentreich Med. Group, 14 AD3d 357 [2005], lv denied 4 NY3d 710 [2005]; Koeppel v Park, 228 AD2d 288, 289-290 [1996]).

The IAS court should have granted the summary judgment motions and dismissed this action. The record evidence demonstrates that defendants met their burden to establish a lack of causation and that plaintiff failed to adequately show causation. Plaintiff's expert opinions are conclusory or rely upon a novel theory of causation that does not satisfy the Frye rule (Frye v United States, 293 F 1013 [DC Cir 1923]; Marsh v Smyth, 12 AD3d 307 [2004]).

The affidavits of defendants' experts sufficed to show that: (1) Bupropion has been approved for use in smoking cessation since 1997; (2) its safety and efficacy have been demonstrated repeatedly; (3) it was found to be free of adverse effects on the heart; and (4) there is no evidence whatsoever that it causes arrhythmia or can aggravate coronary artery disease. Such evidence warranted the granting of summary judgment in favor of defendants unless plaintiff submitted scientific evidence sufficient to raise an issue of fact as to whether his theory of causation has gained general acceptance in the scientific community (*see Oppenheim v United Charities*, 266 AD2d 116 [1999]). Plaintiff failed to do so. His experts (1) never studied Bupropion; (2) did not demonstrate familiarity with its usage and indications; (3) did not cite a case where Bupropion caused arrhythmia or death; (4) did not rule out alternative causes of death; and (5) presented no clinical or epidemiological data or peer reviews linking Bupropion to death or arrhythmia. Assertions that Bupropion "may" cause (1) hypertension, (2) tachycardia, (3) idiosyncratic reactions, (4) nausea, (5) vomiting and (6) other cardiovascular adverse effects found in the Canadian Adverse Drug Reaction Letter, reports of the British Regulatory Body MCA and the Center for Drug Evaluation and Research for the improved Bupropion package insert, as well as other searches submitted by plaintiff's counsel, must be classified as unverified listings and reporting of adverse reactions. Courts have recognized that such observational studies or case reports are not generally accepted in the scientific community on questions of causation (*see Pauling*, 14 AD3d at 358).

There was no evidence that decedent's blood pressure rose following ingestion of Bupropion and there was no evidence which would contradict the amended autopsy finding that the cause of death was natural secondary to preexisting atherosclerotic condition. Since plaintiff has failed to submit sufficient evidence as to either general or specific causation, defendants' motions must be granted and the complaint dismissed. We have considered plaintiff's other contentions and find them to be without merit. Concur—Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ.