■ Lawrence Daitch, Respondent, v Alf Naman et al., Appellants. [807 NYS2d 95]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered July 8, 2005, which, in an action by a tenant for personal injuries allegedly caused by defendant contractor's negligent performance of exterior facade work, denied motions by defendants building owner and managing agent (the owner) and contractor for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The conflicting opinions of the parties' experts raise issues of fact as to the existence of dangerous mold in plaintiff's apartment, whether such mold was caused by water and particulate matter that entered plaintiff's apartment because of the contractor's failure to exercise due care, and whether such mold caused plaintiff's alleged injuries. An issue of fact also exists as to whether the owner had notice of the alleged mold hazard. While there appears to be no dispute that plaintiff and other tenants repeatedly complained to the owner about the entry of water and dust into their apartments virtually from the onset of the facade work, it is not clear when plaintiff first complained about mold. Assuming in the owner's favor that plaintiff did not complain about mold until after the onset of his respiratory problems, too late for the owner to take remedial action, a triable issue would remain as to whether the mold was a foreseeable consequence of the water and particulate matter that entered plaintiff's apartment during the facade work, giving the owner timely constructive notice of a potential mold hazard (but cf. Beck v J.J.A. Holding Corp., 12 AD3d 238 [2004], lv denied 4 NY3d 705 [2005] [landlord's notice of discoloration of walls, and knowledge of previous water damage from a flood, does not constitute notice of likelihood of mold growth]). Because the owner was under a nondelegable duty to maintain the premises in a reasonably safe condition (Multiple Dwelling Law § 78 [1]; Administrative Code of City of NY §§ 27-127, 27-128; see Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 643 [1996]), it does not avail the owner to argue that a principal generally is not liable for the negligence of an independent contractor (see Rosenberg

*v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Jacobson v 142 E. 16 Coop. Owners*, 295 AD2d 211 [2002]; *Toote v Canada Dry Bottling Co. of N.Y.*, 7 AD3d 251 [2004]). Given issues of fact as to whether the contractor's failure to exercise due care in the performance of its contract with the owner created an unreasonable risk of harm to plaintiff, it does not avail the contractor to argue that the contract imposed no duty of care to plaintiff (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.