■ Joseph Cinquemani et al., Appellants, v Old Slip Associates, LP, et al., Respondents. [842 NYS2d 85]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 12, 2005, as granted that branch of the motion of the defendants Old Slip Associates, LP, and Paramount Group, Inc., and those branches of the separate motions of the defendants Turner Construction, Belt Painting Corp., and Lucent Technologies, Inc., respectively, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the motions which were for summary judgment dismissing the complaint are denied.

While working in his office for a few hours on Saturday, April 26, 1997, the plaintiff Joseph Cinquemani (hereinafter the plaintiff) allegedly was exposed to an industrial solvent, methyl ethyl ketone (hereinafter MEK). The alleged source of the MEK was work being performed by contractors on another floor of the building. The plaintiff claims that this one-time exposure to MEK caused immediate symptoms, including difficulty breathing, disorientation, and dizziness, as well as various long-term injuries, including pneumonitis, asthmatic reactions, pulmonary insufficiency, and chronic bronchitis.

Insofar as is relevant to this appeal, the defendant Turner Construction moved for summary judgment dismissing the complaint on the ground that the plaintiff's alleged injuries were not the result of a chemical exposure. The remaining defendants separately moved for the same relief, relying on the same proof. Specifically, the defendants argued, in relevant part, that the plaintiff's injuries could not have been caused by any chemical exposure or, in the alternative, that the most likely cause of his injuries was something other than a chemical exposure. The Supreme Court granted the motions. This appeal ensued.

The defendants failed to meet their initial burden of establishing their prima facie entitlement to summary judgment on the issue of causation by demonstrating, through "expert evidence based on a scientifically-reliable methodology" (*Zaslowsky v J.M. Dennis Constr. Co. Corp.*, 26 AD3d 372, 374 [2006]), that there was no causal link between the plaintiff's alleged injuries and his one-time exposure to MEK (*see Heckstall v Pincus,* 19

AD3d 203, 204-205 [2005]). In support of their motions, the defendants tendered, inter alia, the affidavit of David H. Garabrant, M.D., who opined that "there is no causal relationship between [the plaintiff's] alleged April 26, 1997, exposure to paint and solvent vapors and his claimed injuries." Dr. Garabrant averred that his opinion was based on "medical and scientific articles that . . . are generally recognized as being reliable and authoritative in the relevant medical and scientific communities," but he did not disclose or identify those articles. Contrary to the defendants' contention, such an opinion is wholly unsupported and conclusory, and is insufficient to establish, prima facie, that the plaintiff's injuries could not have been caused by his alleged exposure to MEK (see *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). "[B]are conclusory assertions," such as those contained in Dr. Garabrant's affidavit, are insufficient to demonstrate the absence of any material issues of fact (*id.*).

Another expert, Dr. Jerome M. Block, opined, after examining the plaintiff and reviewing his medical records, that he had "no documented neurological disturbance [sic]" and "does not have any problem involving his central, peripheral, or autonomic nervous system or any cognitive deficits." Based on this opinion, Dr. Block concluded that "there is no causal relationship between [the plaintiff's] alleged April 26, 1997, exposure to paint and solvent vapors and his claimed neurological or cognitive injuries." In light of the fact that the plaintiff principally claims pulmonary—not neurological—injuries, Dr. Block's affidavit is irrelevant, and therefore insufficient to establish a prima facie lack of causation.

Thus, to the extent the motions sought dismissal of the complaint on the ground that the plaintiff's injuries could not have been caused by exposure to MEK, they should have been denied "regardless of the sufficiency of the opposing papers" (*see Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993] [internal quotation marks omitted]).

Alternatively, the defendants argued that the most likely cause of the plaintiff's injury was something other than chemical inhalation. In support of this argument, they offered the affidavit of Dr. Benjamin H. Safirstein, who opined, based on his examination of the plaintiff and a review of his medical records, that many of the plaintiff's injuries were likely caused by sleep apnea and/or an upper respiratory infection, and that the plaintiff's symptoms two days after the alleged exposure did not "follow the pattern usually seen in individuals who have suffered injurious exposures to chemicals." Although Dr.

Safirstein's affidavit was sufficient, prima facie, to establish that the plaintiff's injuries were in fact caused by something other than chemical inhalation, the plaintiff, in opposition, raised a triable issue of fact. Specifically, the plaintiff tendered the affidavit of his treating physician, Dr. Jamie Lara, who opined, based on his treatment of the plaintiff over the course of many years, that his respiratory problems, including injuries to his lungs and pulmonary insufficiency, were the result of chemical inhalation. Absent any competent evidence from the defendants establishing, prima facie, that the plaintiff's injuries could not have been caused by exposure to MEK, there is no scientific basis in the record to prefer Dr. Safirstein's diagnosis to Dr. Lara's, or to reject Dr. Lara's affidavit as merely speculative.

Accordingly, we reverse the order insofar as appealed from and deny those branches of the motions which were for summary judgment dismissing the complaint. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.