■ Eric Travers, Appellant, v Charles H. Greenthal Management Corp. et al., Respondents. [885 NYS2d 916]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 28, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. To hold a landlord liable for a hazardous condition upon its property, a plaintiff must show that the landlord either created the condition or had actual or constructive notice of its existence (*see*

*Jackson v City of New York,* 55 AD3d 546, 547 [2008]; *Plakstis v Lighthouse, LLC,* 37 AD3d 573, 573-574 [2007]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of an alleged toxic mold condition in the plaintiff's apartment (*see Litwack v Plaza Realty Invs., Inc.,* 11 NY3d 820, 821-822 [2008]; *Beck v J.J.A. Holding Corp.,* 12 AD3d 238, 239-240 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.