■ GRISELDA CABRAL et al., Respondents, v 570 WEST REALTY, LLC, Appellant. [900 NYS2d 373]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 1, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, a mother and her three children, alleged that the infant plaintiffs' exposure to a severe mold condition in the family's apartment caused the infant plaintiffs to develop asthma. The plaintiffs were tenants in the apartment located in a building owned by the defendant. The defendant moved for

summary judgment dismissing the complaint, arguing that mold was not the cause of the infant plaintiffs' asthma and that it was not negligent as it properly abated the mold condition after receiving notice of its existence. The Supreme Court denied the motion. We affirm.

The defendant failed to meet its initial burden of establishing its prima facie entitlement to judgment as a matter of law on the issue of causation. The defendant submitted the expert affirmations of a physician who opined that mold was not the cause of the infant plaintiffs' asthma. An expert opinion on causation should set forth a plaintiff's exposure to a toxin, whether the toxin is capable of causing the particular illness (general causation), and whether the plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation) (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006]). The defendant, as the proponent of a summary judgment motion, was required to demonstrate, through " 'expert evidence based on a scientifically-reliable methodology' (*Zaslowsky v J.M. Dennis Constr. Co. Corp.*, 26 AD3d 372, 374 [2006]), that there was no causal link between the [infant plaintiffs'] alleged injuries" and their exposure to mold (*Cinquemani v Old Slip Assoc., LP*, 43 AD3d 1096, 1097 [2007]). The affirmations of the defendant's expert fell far short of this standard.

The expert did not opine that mold is incapable of causing asthma (general causation) and his affirmations do not address whether the scientific community generally accepts or rejects the theory that mold can cause asthma (*cf. Parker v Mobil Oil Corp.*, 7 NY3d 434 [2006]; *Fraser v 301-52 Townhouse Corp.*, 57 AD3d 416 [2008]). Since this expert wholly failed to address the issue of general causation, the defendant failed to meet its prima facie burden on that element (*see Parker v Mobil Oil Corp.*, 7 NY3d at 448).

The expert affirmations proffered by the defendant also were insufficient to demonstrate a lack of specific causation (i.e., that the infant plaintiffs were exposed to insufficient levels of mold to cause their asthma, or that their asthma was caused by some other factor). The expert's opinion on this issue is wholly conclusory and unsupported. After physically examining the infant plaintiffs and reviewing their medical records, the expert merely stated that there was no evidence "anywhere in the records or history that exposure to mold, fungi or any other environmental factor is a causative or aggravating factor" of the infant plaintiffs' asthma. No further explanation was provided. Such "bare conclusory assertions" were insufficient to demonstrate the absence of any triable issues of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's expert's affirmations also did not indicate whether the expert had any knowledge of the conditions of the apartment and continuing presence of mold from 1993 until, at least, 1998. Moreover, in implying that the infant plaintiffs' asthma was inherited, the defendant's expert relied on one hospital record. However, the expert did not set forth the likelihood that the infant plaintiffs' asthma was inherited, rather than caused by exposure to mold. In fact, in the deposition testimony of the plaintiff mother (hereinafter the mother), which the defendant submitted in support of its motion, the mother testified that she was not diagnosed with asthma until 2002 or 2003, many years after she moved into the apartment and was exposed to the same allegedly moldy conditions as the infant plaintiffs. The mother also testified that neither she nor her husband had a family history of asthma. Under these circumstances, the defendant failed to show the absence of triable issues of fact as to specific causation.

The defendant also failed to establish, prima facie, that it was not negligent because it properly abated the moldy condition of the apartment after being notified of it. To meet its burden, it was incumbent upon the defendant to demonstrate that it neither created the condition nor had actual or constructive notice of its existence (*see Travers v Charles H. Greenthal Mgt. Corp.*, 66 AD3d 768 [2009]). At her deposition, the mother testified that she notified the defendant of the moldy condition in the apartment as early as 1993, but the condition persisted for at least another five years. The mother testified that she notified the defendant of the condition many times, but the condition was not fully abated. Accordingly, the defendant failed to demonstrate the absence of any triable issues of fact on the question of its negligence (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *cf. Travers v Charles H. Greenthal Mgt. Corp.*, 66 AD3d 768 [2009]).

Since the defendant failed to meet its prima facie burden, its motion for summary judgment was properly denied, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.