■ GLORIA E. LUTTERLOH et al., Respondents, v CITY OF NEW YORK et al., Defendants, and MID STATE MANAGEMENT CORPORATION et al., Appellants. [912 NYS2d 903]—

In an action to recover damages for personal injuries, etc., the defendants Mid State Management Corporation and Notre Dame Leasing Limited Liability Company appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered March 25, 2010, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Gloria E. Lutterloh (hereinafter the plaintiff) allegedly sustained personal injuries as a result of her exposure to a chemical substance as she rode in an elevator to the seventh floor of the apartment building where she resided. Shortly prior to the plaintiff's exposure, the New York City Fire Department had arrived at the building in response to a complaint of a material spill and/or odor and determined that the source was allegedly a fluid used as an insecticide in an apartment on the fourth floor.

After the plaintiffs commenced this action, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them. We agree with the Supreme Court that the appellants failed to make a prima facie showing of

entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any triable issue of fact as to whether the plaintiff's injuries were caused by the one-time exposure to the alleged chemical substance (*see Cabral v 570 W. Realty, LLC*, 73 AD3d 674, 675 [2010]; *Cinquemani v Old Slip Assoc., LP*, 43 AD3d 1096, 1097-1098 [2007]; *see generally Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006]). The appellants' failure to make such a showing requires denial of their motion, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.