■ CAROL CUBAS, Respondent, v CLIFTON & CLASSON APT. CORP. et al., Appellants, et al., Defendants. [917 NYS2d 320]—

The Supreme Court erred in denying that branch of the mo-

tion of the defendants Clifton & Classon Apt. Corp., Gail Benjamin, Luis Zacarias, Sandie Smith, Joan Johnson, Galster Management Corp., and Cesar Hildalgo (hereinafter collectively the defendants) which was for summary judgment dismissing the complaint insofar as asserted against them. The defendants established their prima facie entitlement to judgment as a matter of law on the issue of whether they caused the injuries of the plaintiff Carol Cubas (hereinafter the plaintiff) and the plaintiff's decedent, Kenneth J. Cubas (hereinafter the decedent) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

A plaintiff alleging injuries from a toxic chemical exposure must provide objective evidence that the exposure caused the injury (*see Parker v Mobil Oil Corp.*, 16 AD3d 648, 651 [2005], *affd* 7 NY3d 434 [2006]). In opposition to the summary judgment motion, the expert affidavits submitted by the plaintiff merely asserted, in conclusory fashion, that the injured plaintiff and the decedent became sick as a result of their exposure to toxic mold in the cooperative apartment building where they resided, which was owned by the defendant Clifton & Classon Apt. Corp. These experts failed to utilize objective standards to show that the toxic mold to which the plaintiff and the decedent were allegedly exposed was capable of causing their injuries, or that their exposure to the toxic mold was the actual cause of their illnesses and symptoms. Accordingly, the opinions reached in the plaintiff's expert affidavits were unsubstantiated and speculative and, thus, the plaintiff failed to raise a triable issue of fact as to whether any action or omission on the part of the defendants caused the alleged injuries (*see Romano v Stanley*, 90 NY2d 444, 451 [1997]; *Caton v Doug Urban Constr. Co.*, 65 NY2d 909, 911 [1985]; *Edelson v Placeway Constr. Corp.*, 33 AD3d 844 [2006]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.