It is well settled that the “drastic remedy” of summary judgment can be “granted only where the moving party has ‘tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact’ ” (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). When, as here, the movant fails to make this prima facie showing, the motion must be denied, “regardless of the sufficiency of the opposing papers” (id. [emphasis omitted]).
In this Labor Law action, plaintiff alleges that he suffered injuries due to exposure to airborne contaminants on a construction project on which he worked as a painter. To obtain summary judgment dismissing this complaint, defendants were required to demonstrate that there was no causal link between plaintiffs alleged injuries and his exposure, eliminating any triable issues of fact (see Cabral v 570 W. Realty, LLC, 73 AD3d 674, 675 [2d Dept 2010]; see generally Parker v Mobil Oil Corp., 7 NY3d 434, 448-449 [2006]).
*513 Defendants did not satisfy this burden. One of the contested issues in this case is whether plaintiff was using acrylic water-based paint or an epoxy oil-based paint. If in fact plaintiff was using a water-based paint, his claims that he was required to use paint containing harmful toxins would be undermined. Defendants did not establish that the paint used was a water-based paint even though, as the motion court properly stated, defendants had drafted the paint specifications in their contract with plaintiffs employer. Thus, defendants were in a unique position to know what paint was actually used and could have met their burden. Because defendants have not eliminated the triable issue of material fact as to whether plaintiffs injuries were caused by his exposure to paint fumes on the project, the motion court was correct in denying their motion to dismiss the complaint. In light of this holding, we need not address plaintiffs claimed belated discovery of the paint can labels.
The motion court also correctly denied defendants’ motion for summary judgment dismissing plaintiffs Labor Law § 241 (6) claim alleging violations of 12 NYCRR 23-1.8 (b) and 12 NYCRR 23-2.8 (a) and (d). While defendants contend that plaintiff did not work in a “confined space” within the meaning of 12 NYCRR 23-2.8, they did not demonstrate this as a matter of law. Plaintiffs General Municipal Law § 50-h testimony, while perhaps lacking precision as to where he worked, does not preclude his later assertion that he worked in a closet.
However, plaintiffs Labor Law § 241 (6) claim alleging violations of 12 NYCRR 23-1.7 (g) and 12 NYCRR 12-1.2 through 12-1.7, fails on the merits, as section 23-1.7 (g) is not applicable under these circumstances (see Osorio v Kenart Realty, Inc., 35 AD3d 561, 562 [2d Dept 2006]).
We need not reach the parties’ remaining arguments as they are not dispositive of defendants’ motion for summary judgment. Concur — Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.