■ Laura Hecker et al., Respondents, v Samuel Liebgold, Appellant. [13 NYS3d 179]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered April 7, 2014, as denied his motion pursuant to CPLR 3212 (g) for summary judgment determining that there was no causal relationship between the subject motor vehicle accident and the plaintiff Laura Hecker's 2011 myocardial infarction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2010, the plaintiff Laura Hecker (hereinafter Hecker) allegedly sustained personal injuries when a vehicle operated by the defendant struck the vehicle she was driving at the intersection of Little Neck Parkway and Pembrook Avenue in Queens. According to Hecker, her vehicle was stopped at a red light when it was struck from behind by the vehicle operated by the defendant.

Hecker, and her husband suing derivatively, commenced this action against the defendant to recover damages for personal injuries arising out of the subject accident. The plaintiffs contended that, as a result of the collision, Hecker experienced lower back pain, and an MRI revealed that she had herniated discs. In 2011, in preparation for epidural steroid injections to treat the lower back pain, Hecker's cardiologist cleared her to discontinue the dual anti-platelet therapy, the medications aspirin and Plavix, that she had been taking since she suffered a myocardial infarction in 2005. A week after she ceased the dual anti-platelet therapy, Hecker suffered another myocardial infarction. The defendant moved, inter alia, pursuant to CPLR 3212 (g) for summary judgment determining that there was no causal relationship between the subject motor vehicle accident and the 2011 myocardial infarction. The Supreme Court denied the motion.

In the context of this pretrial motion for summary judgment, the defendant, the moving party, has the initial burden of proof (*see* CPLR 3212 [b]). Thus, it is the defendant's burden to establish his entitlement to judgment as a matter of law on the issue of causation by demonstrating, prima facie, through "expert evidence based on a scientifically-reliable methodology" (*Cinquemani v Old Slip Assoc., LP*, 43 AD3d 1096, 1097 [2007], citing *Zaslowsky v J.M. Dennis Constr. Co. Corp.*, 26 AD3d 372, 373-374 [2006]), that Hecker's 2011 myocardial infarction could not have been caused by the cessation of the dual anti-platelet therapy (*see Heckstall v Pincus*, 19 AD3d 203, 204-205 [2005]). Although we affirm the order insofar as appealed from, contrary to the Supreme Court's determination, the defendant failed to establish his prima facie entitlement to judgment as a matter of law on this issue.

In support of his motion, the defendant submitted, inter alia, the affidavit of his expert witness, who opined that the 2011 myocardial infarction was caused by Hecker's continued and long history of cigarette smoking, and not the discontinuation of dual anti-platelet therapy. The expert affidavit was insufficient to establish the defendant's prima facie entitlement to judgment as a matter of law on this issue of causation, since the opinion was contradicted by certain medical records upon which the expert asserted he relied (*see Cham v St. Mary's Hosp. of Brooklyn*, 72 AD3d 1003, 1005 [2010]). Moreover, the expert opinion was speculative and conclusory and unsupported by reliable scientific evidence. Thus, it was insufficient to establish, prima facie, that the 2011 myocardial infarction was solely due to Hecker's continued cigarette smoking (*see*

*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see also Dmytryszyn v Herschman*, 98 AD3d 715, 716 [2012]; *Cham v St. Mary's Hosp. of Brooklyn*, 72 AD3d at 1005-1006; *Cinquemani v Old Slip Assoc.*, 43 AD3d at 1098). "[B]are conclusory assertions," such as those contained in the affidavit proffered by the defendant, are insufficient to demonstrate the absence of any triable issues of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). In light of this determination, it is unnecessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Faicco v Golub*, 91 AD3d 817, 818 [2012]). Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.