■ GABRAH KAMEL, Appellant, v RAMA MUKHOPADY et al., Respondents. [64 NYS3d 910]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Nahman, J.), entered June 5, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court entered November 4, 2015, which denied his motion, inter alia, for leave to renew and reargue his opposition to the defendants' prior motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order entered November 4, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 5, 2014, is affirmed; and it is further,

Ordered that order entered November 4, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action alleging that he became

sick due to the presence of toxic mold and other substances in the apartment building in which he resided.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established their prima facie entitlement to judgment as a matter of law on the issue of whether they caused the plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Cubas v Clifton & Classon Apt. Corp.*, 82 AD3d 695, 696 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact. The conclusory affidavit submitted by the plaintiff's expert failed to utilize objective standards to show that the toxic mold to which the plaintiff allegedly was exposed was capable of causing his injuries, or that his exposure to the toxic mold was the actual cause of his illnesses and symptoms (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448-450 [2006]; *Cubas v Clifton & Classon Apt. Corp.*, 82 AD3d at 696).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. The plaintiff failed to present new facts which were unavailable at the time of the original motion that would have changed the prior determination (*see* CPLR 2221 [e] [2], [3]; *Fitzsimons v Brennan*, 128 AD3d 634, 636 [2015]; *Matter of O'Gorman v O'Gorman*, 122 AD3d 744, 744-745 [2014]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.