Mastrobattista v Borges (2018 NY Slip Op 00039)





Mastrobattista v Borges


2018 NY Slip Op 00039


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5364 111452/06

[*1]John D. Mastrobattista, Plaintiff-Respondent-Appellant, Anne Roome, Plaintiff,
v
Raquel Moura Borges, et al., Defendants-Appellants-Respondents, Pier Head Associates, Ltd., Defendants, et al.


Mitchell Silberg & Knupp LLP, New York (David B. Gordon of counsel), for Raquel Moura Borges, appellant-respondent.
Daniel Cobrink P.C., New York (Daniel Cobrinik of counsel), for A2B LLC, appellant-respondent.
Law Offices of James M. McCarrick, New York (James M. McCarrick of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Geoffrey D. Wright, J.) entered August 18, 2016, which, to the extent appealed from and as limited by the briefs, denied defendants Raquel Moura Borges's and A2B LLC's motions for summary judgment dismissing the causes of action for encroachment and trespass, and granted the motions as to the cause of action to enforce a restrictive covenant, unanimously affirmed, without costs.
This action arises from a dispute between the owners of neighboring properties located on East 62nd Street in Manhattan. Plaintiff John Mastrobattista owns the building located at 169 E. 62nd Street. Defendant A2B LLC owns the adjacent building, located at 167 E. 62nd Street; defendant Raquel Moura Borges is the former managing member of A2B. The buildings share a party wall.
In or about January 2004, defendants developed a plan for a vertical expansion of their premises, adding a new penthouse, deck, and privacy fence to the top of their building. This expansion involved use of the party wall as support, increasing the load the wall had to bear. During the course of the expansion, which proceeded over plaintiffs' objections, the roof of plaintiffs' building was cut through, allegedly causing leaks in and damage to plaintiffs' building.
Plaintiffs allege, among other claims, defendants' violation of a restrictive covenant dating from 1869, trespass, and encroachment. Plaintiffs maintain that the new structures permanently encroach on plaintiffs' respective sides of the party wall, as well as place an additional, excessive load on the wall.
Defendants A2B and Borges moved for summary judgment dismissing the complaint. The motion court denied defendants' motion insofar as it sought dismissal of plaintiffs' causes of action for trespass (third cause of action) and encroachment (continuing trespass) (second and fifth causes of action) finding that plaintiffs' allegations concerning changes to the party wall undermining its structural integrity "states a cause of action for violations of plaintiff's easement and property rights." The motion court granted the motion to the extent it sought dismissal of the remaining causes of action, including the first cause of action for breach of a restrictive covenant.
The motion court correctly denied the motion insofar as it sought dismissal of the causes of action for encroachment and trespass. "A party wall is for the common benefit of contiguous proprietors. Neither may subject it to a use whereby it ceases to be continuously available for enjoyment by the other. . . A wall may be carried by either owner beyond its height as first erected, provided only it is strong enough to bear the weight and strain" (Varriale v Brooklyn Edison Co., 252 NY 222, 224 [1929]). It was defendants' burden, as movants, to offer evidence establishing their prima facie entitlement to summary judgment (see Kebbeh v City of New York, 113 AD3d 512 [1st Dept 2014]). This they have failed to do. Indeed, plaintiffs in opposition proffer evidence that the alterations to the party wall have undermined the structural integrity of their buildings. Plaintiffs' engineer opined that defendants failed to detail a flashing system and to adhere to industry standards, occasioning damage. He further opined that it was impossible to ascertain whether the new masonry is properly tied to the old masonry so as to provide the requisite structural stability.
The cause of action to enforce a restrictive covenant was correctly dismissed for lack of standing (see Steinmann v Silverman, 14 NY2d 243 [1964]). The covenant was entered into in 1869 by the original owner of one lot that included both of the subject properties and his immediate neighbor, and it contains no explicit provision that it is for the benefit of anyone other than the grantee.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK