Desernio v Ardelean (2020 NY Slip Op 06751)





Desernio v Ardelean


2020 NY Slip Op 06751


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-03719
 (Index No. 12119/15)

[*1]John S. Desernio, respondent,
v
Todor Ardelean, etc., et al., appellants, et al., defendant.


Traflet & Fabian, New York, NY (Stephen G. Traflet of counsel), for appellants.
Longo & D'Apice, Brooklyn, NY (Mark A. Longo and Deborah Ann Kramer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Todor Ardelean and Mariola Ardelean appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered January 17, 2018. The order denied those defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained from exposure to toxic mold during his period of occupancy of a condominium unit owned by the defendants Todor Ardelean and Mariola Ardelean (hereinafter together the Ardeleans). The plaintiff resided in the condominium from April 2012 through July 2015. The plaintiff alleged that the mold was caused by two incidents of water intrusion, the first occurring as a result of Hurricane Sandy in October 2012, and the second resulting from a heavy rainstorm causing a sewer backup in April 2014. The Ardeleans moved for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff opposed the motion. By order entered January 17, 2018, the Supreme Court denied the motion. The Ardeleans appeal.
A plaintiff alleging injuries from a toxic chemical exposure must provide objective evidence that the exposure caused the injury (see Cubas v Clifton & Classon Apt. Corp., 82 AD3d 695, 696; Parker v Mobil Oil Corp., 16 AD3d 648, 652, affd 7 NY3d 434). An expert opinion submitted on the issue of causation should set forth a plaintiff's exposure to a toxin, that the toxin is capable of causing the particular illness (general causation), and that the plaintiff was exposed to sufficient levels of the toxin to cause the illness alleged (specific causation) (see Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 808; Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 784; Parker v Mobil Oil Corp., 7 NY3d at 1120-1121; Cubas v Clifton & Classon Apt. Corp., 82 AD3d at 696). In moving for summary judgment dismissing the amended complaint insofar as asserted against them, the Ardeleans were required to demonstrate, prima facie, through expert evidence based on a scientifically-reliable methodology, that there was no causal link between the plaintiff's alleged injuries and his exposure to mold (see Cabral v 570 W. Realty, LLC, 73 AD3d 674, 675). Here, we agree with the Supreme Court's determination that the Ardeleans' submissions failed to eliminate [*2]all material issues of fact as to general and specific causation (see Stiso v Berlin, 176 AD3d 888; Kamel v Mukhopady, 156 AD3d 688; Cabral v 570 W. Realty LLC, 73 AD3d at 676).
"To hold a landlord liable for a hazardous condition upon its property, a plaintiff must show that the landlord either created the condition or had actual or constructive notice of its existence" (Travers v Charles H. Greenthal Mgt. Corp., 66 AD3d 768, 768; see Jackson v City of New York, 55 AD3d 546, 547). Here, the Ardeleans' own submissions failed to eliminate all material issues of fact as to actual and constructive notice (see Daitch v Naman, 25 AD3d 458).
Accordingly, we agree with the Supreme Court's determination denying the Ardeleans' motion for summary judgment dismissing the amended complaint insofar as asserted against them, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court