Desernio v Ardelean (2020 NY Slip Op 06750)





Desernio v Ardelean


2020 NY Slip Op 06750


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-03049
 (Index No. 12119/15)

[*1]John S. Desernio, respondent, 
v
Todor Ardelean, etc., et al., defendants, Cloverdale at Howard Beach Condominium III, appellant.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for appellant.
Longo & D'Apice, Brooklyn, NY (Mark A. Longo and Deborah Ann Kramer of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cloverdale at Howard Beach Condominium III appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered January 18, 2018. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained from exposure to toxic mold while a tenant in a condominium unit located within the defendant condominium, Cloverdale at Howard Beach Condominium III (hereinafter Cloverdale). The plaintiff lived in the unit from April 2012 through July 2015, pursuant to a three-year rental agreement with the unit's owners, the defendants Todor Ardelean and Mariola Ardelean (hereinafter together the Ardeleans). The plaintiff alleged that the mold was caused by massive water intrusion into the unit, which was located on the ground floor, as a result of the storm surge occasioned by Hurricane Sandy in October 2012, as well as a second massive water intrusion as a result of a sewer backup occasioned by heavy rains in 2014. Cloverdale moved for summary judgment dismissing the amended complaint insofar as asserted against it on the grounds that it neither owed a duty of care to the plaintiff, who was a mere lessee of the Ardeleans, nor had actual or constructive notice of a mold condition. The plaintiff opposed the motion, arguing, inter alia, that
Cloverdale owed him a duty of care based upon the Cloverdale condominium by-laws, and that, inasmuch as the mold condition was a foreseeable consequence of the large amount of water that entered the unit during Hurricane Sandy in 2012 and as a consequence of the sewer backup in 2014, Cloverdale had constructive notice of a potential mold hazard. By order entered January 18, 2018, the Supreme Court denied Cloverdale's motion. Cloverdale appeals.
As a general matter, Cloverdale owes a fiduciary duty to condominium unit owners when it is engaged in the business of management of the condominium (see Caprer v Nussbaum, 36 AD3d 176, 192; Murphy v State of New York, 14 AD3d 127, 136; Board of Mgrs. of Acorn Ponds at N. Hills Condominium I v Long Pond Invs., 233 AD2d 472, 473; Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322, 325). Further, Cloverdale's own by-laws established various duties of care to the condominium unit owners and lessees. Cloverdale's contention that it owed no duty of care to the plaintiff because the plaintiff was not a third-party [*2]beneficiary of the agreement between Cloverdale and the Ardeleans is without merit. "'[T]he identity of a third-party beneficiary need not be set forth in the contract or, for that matter, even be known as of the time of its execution'" (Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C., 111 AD3d 881, 883, quoting MK W. St. Co. v Meridien Hotels, 184 AD2d 312, 313). "'In determining third-party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement,'" and "'the obligation to perform to the third-party beneficiary need not be expressly stated in the contract'" (Encore Lake Grove Homeowners Assn., Inc. v Cashin Assoc., P.C., 111 AD3d at 882, quoting Aievoli v Farley, 223 AD2d 613, 614). Here, Cloverdale's own submissions, including its by-laws, demonstrate that the duty of care it owed to condominium unit owners also extended to unit tenants such as the plaintiff, as third-party beneficiaries. Accordingly, Cloverdale failed to demonstrate, prima facie, that it owed no duty of care to the plaintiff.
In order to hold Cloverdale liable for a hazardous condition such as the alleged toxic mold condition in the subject unit, the plaintiff must show that Cloverdale either created the condition or had actual or constructive notice of its existence (see Travers v Charles H. Greenthal Mgt. Corp., 66 AD3d 768, 769). Thus, to be entitled to summary judgment dismissing the complaint insofar as asserted against it, Cloverdale was required to establish, prima facie, that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Rashid v Clinton Hill Apts. Owners Corp., 70 AD3d 1019). We agree with the Supreme Court's determination that, with respect to constructive notice, Cloverdale failed to eliminate all questions of fact as to whether the mold condition was a reasonably foreseeable consequence of the allegedly significant water incursions from outdoor sources (see Daitch v Naman, 25 AD3d 458).
Accordingly, we agree with the Supreme Court's determination denying Cloverdale's motion for summary judgment dismissing the amended complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court