Fieldman v Bambi Assoc., Inc. (2024 NY Slip Op 04947)

Fieldman v Bambi Assoc., Inc.

2024 NY Slip Op 04947

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-03138
 (Index No. 607458/21)

[*1]Mark Fieldman, appellant, 
v
Bambi Associates, Inc., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Timothy S. Banvard, Point Lookout, NY, for respondents Bambi Associates, Inc., and Yvette Banvard.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered February 9, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Bambi Associates, Inc., and Yvette Banvard and denied the plaintiff's cross-motion to disqualify the defendants' counsel.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained from exposure to toxic mold during his period of occupancy of a rental unit owned by the defendant Bambi Associates, Inc. (hereinafter Bambi Associates). The plaintiff commenced this action against Bambi Associates and Yvette Banvard, the president of Bambi Associates, among others. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved to disqualify the defendants' counsel. In an order entered February 9, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Bambi Associates and Banvard and denied his cross-motion.
"To hold a landlord liable for a hazardous condition upon its property, a plaintiff must show that the landlord either created the condition or had actual or constructive notice of its existence" (Travers v Charles H. Greenthal Mgt. Corp., 66 AD3d 768, 768; see Desernio v Ardelean, 188 AD3d 992, 993; Jackson v City of New York, 55 AD3d 546, 547). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Bambi Associates and Banvard by demonstrating that they neither created nor had actual or constructive notice of an alleged toxic mold condition in the plaintiff's apartment and that they maintained their premises in a reasonably safe condition (see Litwack v Plaza Realty Invs., Inc., 11 NY3d 820, 821-822; Travers v Charles H. Greenthal Mgt. Corp., 66 AD3d at 769; Beck v J.J.A. Holding Corp., 12 AD3d 238, 240). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not submit an affidavit or other evidentiary [*2]material to rebut the defendants' evidence, and he failed to demonstrate that the motion was premature (see CPLR 3212[f]; Sapienza v Harrison, 191 AD3d 1028, 1030-1031).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Bambi Associates and Banvard. In light of our determination, we need not reach the plaintiff's remaining contention.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court