Wholey v Amgen Inc. (2024 NY Slip Op 05910)

Wholey v Amgen Inc.

2024 NY Slip Op 05910

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 162934/15 Appeal No. 3113 Case No. 2023-03498 

[*1]Lauren Wholey, et al., Plaintiffs-Appellants,
v
Amgen Inc., et al., Defendants-Respondents.

Kresch Legal Services, PLC, New York (Ari Kresch of counsel), for appellants.
Hogan Lovells US LLP, New York (Pieter Van Tol of counsel), for Amgen Inc., respondent.
Arnold & Porter Kaye Scholer LLP, New York (Melissa Brown of counsel), for Wyeth LLC, Wyeth Pharmaceuticals LLC and Pfizer Inc., respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 16, 2023, which adopted the April 19, 2023 report and recommendation of the Special Master in its entirety, granted defendants' motion to exclude the opinions by plaintiffs' general causation experts, and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in excluding plaintiffs' causation experts from testifying at trial, as plaintiffs failed to sustain their burden of showing that their experts' theory of causation is generally accepted in the relevant scientific community (see Frye v United States (293 F 1013 [DC Cir 1923]; see also People v Brooks, 31 NY3d 939, 941 [2018]; Marso v Novak, 42 AD3d 377, 378 [1st Dept 2007], lv denied 12 NY3d 704 [2009]). Plaintiffs' experts acknowledged there were no clinical studies or medical literature to support their position that plaintiff Lauren Wholey's use of defendants' Enbrel product to address her rheumatoid arthritis had caused her to develop squamous cell carcinoma of the tongue (SCCT) (see Parker v Mobil Corp., 7 NY3d 434, 446-447 [2006]). Plaintiffs' experts also failed to establish that their reliance upon an individual case occurrence, as well as FDA warnings and adverse case reports related to the use of Enbrel, amounted to an accepted methodology of determining a causal connection between plaintiff's SCCT and her use of Enbrel (see Knafo v Mount Sinai Hosp., 184 AD3d 478, 479 [1st Dept 2020]). Indeed, we have held that "observational studies or case reports are not generally accepted in the scientific community on questions of causation" (Heckstall v Pinkus, 19 AD3d 203, 205 [1st Dept 2005]).
Plaintiffs have cited no New York cases that support their "steppingstone methodology" argument, and to the extent they rely on a federal case to advance that argument (In re Neurontin Mktg., Sales Practices, & Prods. Liab. Litig., 612 F Supp 2d 116 [D Mass 2009]), the Special Master persuasively distinguished the case, noting that the class of drugs analyzed there was understood to share the same mechanism of action. Here, by contrast, plaintiffs' experts did not rebut the statements of defendants' experts that Enbrel had a unique mechanism of action compared with other similar drugs. In any event, federal expert admissibility standards are less stringent than New York's Frye rule (see Daubert v Merrill Dow Pharms., Inc., 509 US 579 [1993]).
As there is no other evidence in the record to create a factual issue as to whether Wholey's use of Enbrel caused her SCCT, dismissal of the complaint was warranted (see Milian v Bailyn, 177 AD3d 574, 574 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024