Marks v Cosmos Ventures I, LLC (2026 NY Slip Op 01314)

Marks v Cosmos Ventures I, LLC

2026 NY Slip Op 01314

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 156521/17|Appeal No. 6061|Case No. 2024-06464|

[*1]Jennifer Marks etc., Plaintiff-Appellant-Respondent,
vCosmos Ventures I, LLC, Defendant-Respondent, Trump International Hotels Management LLC, Defendant-Respondent-Appellant.

Horn Appellate Group, Brooklyn (Nicholas S. Bruno of counsel), for appellant-respondent.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for respondent-appellant.
The Law Offices of Seth M. Weinberg, PLLC, Hauppauge (Seth M. Weinberg of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 15, 2024, which, to the extent appealed from, granted defendants' separate motions for summary judgment dismissing the complaint, and granted the motion of defendant Cosmos Ventures I, LLC, to dismiss defendant Trump International Hotels Management LLC's (Trump) cross-claims against it, unanimously affirmed, without costs.
Defendants failed to establish as a matter of law that they lacked actual or constructive notice of the alleged mold condition in plaintiff's decedent's apartment (see Daitch v Naman, 25 AD3d 458, 459 [1st Dept 2006]). Plaintiff twice notified defendant Trump in December 2016 of a mold condition in her bathroom, requesting remediation, which complaint Trump relayed to defendant Cosmos. The record does not establish that either defendant remediated it then or at any time before plaintiff vacated the apartment.
Nevertheless, the court properly granted defendants' motions for summary judgment dismissing the complaint against them because defendants established as a matter of law that no causal connection exists between the mold condition and plaintiff's injuries. Defendants satisfied their prima facie burden on the issue of causation through Cosmos's expert submissions, including an expert report in which the expert opined that the level of mold spores detected in the air of plaintiff's unit fell far short of the concentration necessary to cause the alleged injuries (see Dyer v Amchem Prods. Inc., 207 AD3d 408, 410 [1st Dept 2022]). Plaintiff failed to raise an issue of fact in opposition, as the expert opinion she submitted was conclusory and did not refute defendants' experts' opinions about the level of spores in the air and the relationship between her symptoms and her other health conditions. Plaintiff's expert's opinion likewise failed to adequately address the decedent's level of exposure or otherwise explain why the airborne concentration was of a sufficient level to cause injury (see Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]; Matter of New York City Asbestos Litig., 173 AD3d 573, 573-574 [1st Dept 2019]).
The court properly determined that Trump was not entitled to contractual or common-law indemnification from Cosmos. The management agreement between the condominium's board of managers and Trump does not afford Trump indemnification from a unit owner such as Cosmos (see Shah v 20 E. 64th St. LLC, 230 AD3d 405, 410 [1st Dept 2024]). The bylaws upon which Trump relies are inapplicable, because the mold condition did not arise from any "alterations" performed by Cosmos. Nor is Trump entitled to common-law indemnification, because its liability is not alleged to be strictly vicarious (see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026