■ EARL LONG, Appellant, v BATTERY PARK CITY AUTHORITY et al., Respondents. [743 NYS2d 496] —Judgment, Supreme Court, New York County (Louis York, J.), entered October 29, 2001, which, upon the prior grant of defendants' cross motion for summary judgment, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff, a security guard, was injured when, while patrolling the premises of defendant Battery Park City Authority, the client of his employer Hall Security Analysts, a construction gate, which plaintiff had just locked, fell on him and knocked him to the ground. Because plaintiff, at the time of his accident, was not performing any of the construction related activities falling within the Labor Law's protective ambit and, indeed, had not been retained to perform such activities, but only to provide routine security services, the motion court properly found that plaintiff's Labor Law claims were not viable (see, Blandon v Advance Contr. Co., 264 AD2d 550, 551-552; Agli v Turner Constr. Co., 246 AD2d 16, 21; Shields v St. Marks Hous. Assoc., 230 AD2d 903, lv denied 91 NY2d 806).

Plaintiff's common-law negligence claim was also properly dismissed since there is no evidence to justify an inference that defendants created or had actual or constructive notice of the hazardous condition that allegedly caused plaintiff's injury (see, Piacquadio v Recine Realty Corp., 84 NY2d 967, 969). Plaintiff's reliance on the doctrine of res ipsa loquitur to sustain his common-law negligence claim is unavailing since plaintiff has not established that the gate that fell upon him was within defendants' exclusive control (see, Kambat v St. Francis Hosp., 89 NY2d 489, 494). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.