■ JAMES DUNAIF, Appellant, v ALROSE HOLDING Co., LLC, Respondent. [753 NYS2d 42] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about June 12, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff sues defendant landlord for negligence, alleging that he slipped on water that had leaked from a refrigerator in his apartment, and fell to the floor sustaining injury. Summary judgment dismissing the complaint was properly granted since the record is devoid of evidence sufficient to raise a triable issue of fact as to whether defendant landlord had actual or constructive notice of, or created, the alleged hazard (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *Long v Battery Park City Auth.*, 295 AD2d 204). Indeed, the record, which includes deposition testimony by plaintiff to the effect that he slipped and fell on his wet kitchen floor after defrosting his refrigerator and that the floor was always wet after the refrigerator was defrosted, provides strong indication that plaintiff himself was responsible for the hazard that precipitated his injury. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.