(June 22, 2004)

■ PETER J. COSTELLO, Respondent, v PANAVISION OF NEW YORK et al., Appellants-Respondents, and UNIVERSAL TELEVISION LAW AND ORDER, Respondent-Appellant, et al., Defendants. [779 NYS2d 54]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered November 14, 2003, which, to the extent appealed from, denied the motion by Panavision of New York and Pany Rental (the Panavision defendants) for summary judgment dismissing the complaint as against them and for conditional indemnification on their cross claim against defendant Universal Television Law and Order, and denied Universal's cross motion to dismiss so much of the Panavision defendants' cross claim for contractual indemnification for the costs of defending this action, unanimously modified, on the law, the Panavision defendants' motion for summary dismissal granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured when the lift-gate of the truck on which he was working during a television production unexpectedly dropped as he was about to step onto it. The truck was leased from the Panavision defendants, who moved for summary judgment for lack of proof of any notice that the lift-gate was defective or negligently maintained. Plaintiff invoked the doctrine of res ipsa loquitur, which would require, inter alia, proof that the

accident was caused by an agency or instrumentality within the defendants' exclusive control (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621 [1987]). Here, the instrumentality was in the exclusive control of plaintiff's employer at the time of the accident, thereby precluding plaintiff from availing himself of the doctrine of res ipsa loquitur against the Panavision defendants (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]; *Long v Battery Park City Auth.*, 295 AD2d 204 [2002]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.