■ CATHERINE BECK, Appellant, v J.J.A. HOLDING CORP. et al., Respondents. [785 NYS2d 424]—

---

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered November 17, 2003, which, to the extent appealed from as limited by the briefs,* granted defendants' CPLR 3212 motion to dismiss plaintiff's second cause of action for common-law negligence, unanimously affirmed, without costs.

On September 7, 1998, plaintiff's apartment was flooded, severely damaging its flooring and walls. At plaintiff's request, defendant landlord repainted the apartment, and she replaced the carpeting. Plaintiff alleges that thereafter, as a result of the flooding, hazardous mold contaminated her apartment. She asserts that because defendants failed to timely remedy that unsafe condition she contracted a bronchial infection and, eventually, chronic obstructive pulmonary disorder. She avers that because a dangerous accumulation of mold spores is a foreseeable consequence of water seeping into walls, her landlord was negligent and breached its duty to maintain the premises in a safe condition by failing to abate the mold, causing damage to her health, safety and life.

Defendants have denied any liability. In moving for summary judgment, they argue that they did not create the condition and had no actual or constructive notice of it prior to November 1999. They also assert that, in any event, they did not have sufficient time to remedy the hazard before plaintiff moved out of the apartment in December 1999 (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Specifically, defendants stated: "Plaintiff can offer no evidence as to the length of time the alleged mold condition was present in her apartment. The first, and only, piece of evidence regarding the presence of mold is a report from Johns Hopkins, dated November 16, 1999, less than a month before plaintiff moved out of the apartment, but over a year after the time of the flood." Defendants noted that plaintiff testified at her deposition that she was not aware of the elevated mold levels until November 1999 when she received the Johns Hopkins report.

In opposition to defendants' motion, plaintiff asserted that after her landlord repainted her apartment, she noticed brown spots on the walls, and that her apartment had a moldy odor.

---

* In her appellate brief, plaintiff has abandoned her claim that defendants violated Real Property Law § 235-b.

She alleged that the discoloration of the walls, along with the knowledge of the water damage, should have placed defendant on notice of the likelihood of the mold growth in the apartment. Plaintiff also annexed EPA publications indicating that water damage is likely to cause mold, and her medical reports, all dated after December 1999, which detailed her respiratory problems.

In reply, defendants reiterated that plaintiff had not set forth a prima facie case of negligence because she had not presented evidence that defendants had actual or constructive notice of the mold hazard. The IAS court dismissed plaintiff's common-law negligence claim, finding that "[t]here is no support in law for plaintiff's theory that the landlord essentially had an on-going duty to monitor plaintiff's apartment for the possible development of environmental hazards."

We affirm. A landlord has a duty to maintain its property in a reasonably safe condition under the extant circumstances (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). For a plaintiff to show a breach of that duty she is required to first establish that the landlord either created or had actual or constructive notice of the hazardous condition which precipitated an injury (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Gordon*, 67 NY2d at 837-838; *Dunaif v Alrose Holding Co.*, 299 AD2d 159 [2002]).

On this motion for summary judgment, defendants asserted that they were first notified of the hazardous mold condition in November 1999. That was the same month that plaintiff became aware of the problem, and a month prior to the time plaintiff moved out of the apartment (*see Fischer v Battery Bldg. Maintenance Co.*, 135 AD2d 378 [1987] [alleged defective condition did not exist for sufficient length of time for defendant to be charged with constructive notice]). Thus, in opposition to defendants' motion, it was incumbent upon plaintiff to show that defendant either created or had actual or constructive notice of the mold hazard (*see Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384 [1998]). Having failed to meet this burden, or to have established any other act or omission on defendants' part which could have been considered a proximate cause of her respiratory ailments, the IAS court appropriately dismissed plaintiff's claim for common-law negligence. Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.