Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 13, 2012, which, to the extent appealed from as limited by the briefs, denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Contrary to plaintiffs’ contention, defendant’s motion for summary judgment was not untimely, since the case was marked off the calendar by so-ordered stipulation to allow for the completion of discovery and had not yet been restored when defendant’s motion was filed (Pena v Women’s Outreach Network, Inc., 35 AD3d 104, 109 [1st Dept 2006]).
On the merits, defendant made a prima facie showing that the mold condition in plaintiffs’ apartment did not cause the infant plaintiffs claimed injuries. It submitted expert evidence establishing that the infant plaintiffs asthma and pulmonary incapacity were caused by genetic and environmental factors not related to the mold condition, including medical records showing the infant plaintiffs significant allergies to cockroaches and cats, the extensive family history of severe asthma, and the presence of cigarette smoke, cockroaches and cats in the apartment.
In opposition, plaintiffs failed to raise a triable issue of fact as to causation (see Parker v Mobil Oil Corp., 7 NY3d 434, 449 [2006]). They relied solely on an affirmation by the infant plaintiffs former treating physician, who failed to refute defendant’s experts’ conclusions that the infant plaintiffs asthma and pulmonary incapacity were caused by genetic and environmental factors other than mold (see Lall v Ali, 101 AD3d 439 [1st Dept 2012]). Moreover, the medical records indicate that the treating physician had himself directly attributed the infant plaintiff s symptoms to his exposure to smoke, cockroaches and cats.
*551 Furthermore, the physician expressly stated that plaintiffs’ apartment was where the “presumed toxic exposure occurred.” The only source of his assumptions as to exposure that is identified in his affirmation is plaintiffs’ uncorroborated, anecdotal allegations (see Cleghorne v City of New York, 99 AD3d 443, 446-447 [1st Dept 2012]). The physician did not provide any scientific measurement, or employ any accepted method of extrapolating such a measurement, to establish the infant plaintiffs ongoing exposure to a specific toxin or allergen, and plaintiffs submitted no other evidence concerning the level of allergens or toxins present in the apartment (see id.; Fraser v 301-52 Townhouse Corp., 57 AD3d 416 [1st Dept 2008], appeal dismissed 12 NY3d 847 [2009]). The physician also did not posit the level of exposure necessary for the causation of the injury (see Fraser, 57 AD3d at 420).
The medical records submitted with the physician’s affirmation are uncertified and unaffirmed (see Lazu v Harlem Group, Inc., 89 AD3d 435, 435-436 [1st Dept 2011]), and in any event, like the physician’s affirmation, they rely on plaintiffs’ uncorroborated allegations as to the presence of mold in the apartment (see Cleghorne, 99 AD3d at 446-447).
We note that plaintiffs submitted no evidence establishing the presence of toxic mold in the apartment from October 1997 to September 2003 or at any time after December 20, 2005. Nor did they demonstrate that defendant had actual or constructive notice of a potentially harmful mold condition during those time periods (see Beck v J.J.A. Holding Corp., 12 AD3d 238, 240 [1st Dept 2004], lv denied 4 NY3d 705 [2005]).
We have considered plaintiffs’ remaining contentions and find them unavailing. Concur — Tom, J.P., Acosta, Saxe and Freedman, JJ.