■ Michael Reifsnyder, Respondent, v Penske Truck Leasing Corporation et al., Appellants, et al., Defendants. [34 NYS3d 37]—

Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered March 2, 2016, which, insofar as appealed from, denied defendants Penske Truck Leasing Corporation and Penske Truck Leasing Co., L.P.'s (together, Penske) motion for summary judgment dismissing the complaint and all cross

claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Penske established its entitlement to summary judgment under the Graves Amendment (*see* 49 USC § 30106 [a]) by showing that the accident in which a truck owned by it struck and killed plaintiff's decedent was not caused by any negligent maintenance on its part (*see Villa-Capellan v Mendoza*, 135 AD3d 555 [1st Dept 2016]; *see also Costello v Panavision of N.Y.*, 8 AD3d 143, 143 [1st Dept 2004], *lv denied* 4 NY3d 703 [2005]). Penske submitted evidence that it regularly maintained the truck, including the brakes, that it had inspected the brakes two months before the accident and found no defect, and that there was no report or other evidence of any brake failure before the accident.

In opposition, plaintiff failed to raise a triable issue of fact as to whether the brakes were negligently maintained. The Penske employee who made repairs to the truck following the accident changed his deposition testimony to clarify that a damaged part discarded and replaced at that time (the charge air cooler) was not a component of the truck's air brake system; the change was timely and was accompanied by a statement of the witness's reasons for the change (*see* CPLR 3116 [a]; *Cillo v Resjefal Corp.*, 295 AD2d 257 [1st Dept 2002]). This correction of the testimony also refutes plaintiff's contention that Penske spoliated evidence by permitting its employee to discard brake parts.

Plaintiff's contention that he lacked an adequate opportunity to have the truck's brakes fully tested rings hollow in light of his failure to request a follow-up inspection of the truck in the many months that passed after Penske's initial inspection, which found no defects in the brakes. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.