Rooney v George Hardy St. Francis Apts., LLC (2020 NY Slip Op 01714)





Rooney v George Hardy St. Francis Apts., LLC


2020 NY Slip Op 01714


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11265 300295/14

[*1] Kathleen Rooney, Plaintiff-Appellant,
v
George Hardy St. Francis Apartments, LLC, et al., Defendants-Respondents, Giant Taping & Plastering, Inc., et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Newman Myers Kreines Gross Harris, P.C., New York (Adrienne Yaron of counsel), for George Hardy St. Francis Apartments, LLC and Wavecrest Management Team, Ltd, respondents.
Kennedys CMK, LLP, New York (Hilary Simon of counsel), for Notias Construction, Inc., respondent.
Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for MAC Construction of Jackson Heights, Inc., respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick Lawless of counsel), for Neptune Mechanical, Inc., respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about August 23, 2018, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
Plaintiff alleges that she sustained injuries after stepping on a nail embedded in a piece of wood on the floor of her apartment, during the time that her apartment was being renovated by the building's owner, defendant George Hardy St. Francis Apartments LLC (George Hardy). Defendant Notias Construction Inc. (Notias) was retained as the general contractor for the renovation, and Notias hired defendants MAC Construction of Jackson Heights Inc. (MAC) and Neptune Mechanical Inc. (Neptune) as subcontractors.
The court properly granted the defendants' respective motions for summary judgment dismissing the complaint. Defendants George Hardy and Wavecrest Management Team (Wavecrest), the property manager, do not dispute that they owed plaintiff a duty to maintain the premises in a reasonably safe condition (Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]), but they demonstrated prima facie that they did not create or have actual or constructive notice of the specific presence of any debris with embedded nails on the floor (see Piacquadio v Recine Rlty. Corp., 84 NY2d 967, 969 [1994]; Beck v J.J.A. Holding Corp., 12 AD3d 238, 240 [1st Dept 2004], lv denied 4 NY3d 705 [2005]). Plaintiff's contention that the owner and manager had notice of a recurring condition of debris left on the floor of her apartment is unavailing, because "a general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's [injury]" (Piacquadio, 84 NY2d at 969 [internal citation omitted]; see also Solazzo v New York City Tr. Auth., 21 AD3d 735, 736 [1st Dept 2005], affd 6 NY3d 734 [2005]). To the extent that the [*2]subcontractor defendants owed a duty of care to plaintiff (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 139 [2002]), defendant Notias demonstrated it did not engage in any renovation work that could have left behind a nail embedded in a piece of wood, and Neptune and MAC each demonstrated, with the admission of work logs, and the testimony of Notias's project manager, that their assignments were completed and inspected at least six days before plaintiff's accident (see Buckley v J.A. Jones/GMO, 38 AD3d 461, 462 [1st Dept 2007]; Asare v Ramirez, 5 AD3d 193, 194 [1st Dept 2004]).
It would require speculation for a jury to conclude that any of the defendants created a hazardous condition in plaintiff's apartment, i.e. - leaving behind a piece of wood with a nail embedded in it, or had notice of its existence (see Beckford v New York City Hous. Auth., 84 AD3d 441, 441 [1st Dept 2011]). Moreover, plaintiff testified that she did not take any photographs of the piece of wood, but instead threw it out after the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK