| |
|---|
| **Whitehurst v 860 River LLC** |
| 2024 NY Slip Op 32432(U) |
| July 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 452214/2022 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAKOTA D. RAMSEUR**                    PART          **34M**

*Justice*

-----------------------------------------------------------------------X

JAZMINE ASHLEY WHITEHURST

                                            Plaintiff,

                        - v -

860 RIVER LLC,

                                            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452214/2022 |
| MOTION DATE | 11/07/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

On December 24, 2021, plaintiff Jazmine Ashley Whitehurst commenced this premise liability action against defendant 860 River LLC after she slipped and fell on an allegedly defective step between the fifth and sixth floors of her apartment building. Asserting a negligence-based cause of action, plaintiff alleges that defendant knew of the alleged defective and unsafe stairway yet failed to take reasonable precautions to prevent her injuries. In this motion sequence (001), defendant moves for summary judgment pursuant to CPLR §3212. Plaintiff opposes the motion in its entirety. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Jazmine Ashley Whitehurst currently resides at defendants' premises at 860 Riverside Drive Apt 6G, New York, NY, 10032 (hereinafter, the "subject premises"). (NYSCEF doc. no. 1 at ¶ 13). Plaintiff alleges that, on December 6, 2021, as she was walking down the apartment's sixth-floor stairs, she fell on a loose or detached stair. More specifically, she explained that she felt her right foot lean forward and the back of the step lift up, causing her body to slide backward on her back. (*Id.*) Plaintiff suffered physical injuries, including several bruises and a sprained ankle, after sliding from the third step to the landing on the fifth floor.

Plaintiff testified that, prior to the accident, she had noticed the step would make a noise or thud but never raised the issue with defendant. (NYSCEF doc. no. 38 at 35, plaintiff's deposition transcript.) At her deposition, plaintiff was not aware if any other tenants had made similar complaints about the noise from the step. (*Id.* at 36.) Mauricio Sosa, the building's superintendent at the time, further testified that as of December 6, 2021, the building had never received a complaint concerning the steps between the fifth and sixth floors. (NYSCEF doc. no. 40 at 45-46, Sosa deposition dated 06/02/2023.) In addition to this, both he and Sergio Almonte,

his assistant, reside on the premises and, as part of their duties, would walk up and down the steps of the building daily to inspect the premises. He testified that on one occasion, Almonte identified a problem with one of the steps between the fifth and sixth floors, but he repaired it immediately. In the deposition, Sosa places this occurrence in the summer of 2021, i.e., before plaintiff's fall. (*See* NYSCEF doc. no. 40 at 39 [explaining that in the summer of 2021, Almonte informed him that there was a problem with a loose/detached step and that he fixed it right away].) However, in November 2023, Sosa returned an Errata Sheet, wherein he asserted that he fixed the loose stair soon after plaintiff's injury. (*Id.* at 71-72 [change on pg. 42: "December 6, 2021, not in the summer of 2021."]) In support of this motion, Sosa submits an affidavit in which he avers that the repair occurred on December 6, 2021. (NYSCEF doc. no. 42 at ¶ 4.)

## DISCUSSION

Under CPLR 3212 (b), a proponent moving for a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to eliminate any material issues of fact from the case. (*Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Kesselman v. Lever House Rest.*, 29 A.D.3d 302 [1st Dept 2006].) Once a defendant establishes their entitlement, the burden shifts to the plaintiff to raise a triable issue of fact. (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].) Since summary judgment is an extreme remedy, the Court must draw all reasonable inferences in favor of the non-moving party. (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012].) Where there is doubt as to the existence of material facts or where different conclusions can reasonably be drawn from the evidence, summary judgment should be denied. (*Santos v Temco Serv. Indus.*, 295 AD2d 218, 218-219 [1st Dept 2002].)

Landowners are under a duty to maintain their property in a reasonably safe condition under existing circumstances, including the likelihood of injury to a third party. (*Rodriguez v. Kwik Realty*, LLC, 216 A.D.3d 477, 478 [1st Dept 2023].) In slip-and-fall cases, a defendant property owner moving for summary judgment has the burden of showing that it neither (i) affirmatively created the hazardous condition nor (ii) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence. (*Id.*; *Rooney v. George Hardy St. Francis Apts., LLC*, 181 AD3d 493,494 [1st Dept 2020].) Lastly, in the absence of actual notice, a plaintiff may defeat summary judgment by proffering evidence that the alleged premises' defect was visible and apparent for a sufficient length of time prior to the accident to permit defendant's employees to remedy it. (*Aquino v. Kuczinski, Vila & Assoc., P.C.*, 39 AD3d 216, 219 [1st Dept 2007].)

In relevant part, CPLR 3116 states, "If the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed. *No changes to the transcript may be made by the witness more than sixty days after submission.*" (CPLR 3116 [a] [emphasis added].) Here, plaintiff's counsel served a copy of Sosa's transcript on June 27, 2023, and Sosa did not return a signed copy within 60 days. (NYSCEF doc. no. 40.) As such, since defendant did not

seek an extension of time and Sosa signed the errata sheet in the presence of a notary public on November 23, 2023—nearly three months after the 60-day expiration—the Court must reject it to the extent that it attempts to correct Sosa's allegedly inaccurate testimony. (*See Parra v Cardenas*, 183 AD3d 462, 463 [1st Dept 2020].) Even if the Court considered Sosa's errata sheet timely, Sosa—a Spanish speaker—provided an English language errata sheet unaccompanied by a translator's affidavit despite requiring one for his deposition. Since Sosa's errata sheet did not conform with the requirements of CPLR 2101 (b), the Court is further constrained from considering the corrections made therein. (*See Gonzalez v Abreu*, 162 AD3d 748, 749 [2d Dept 2018].) The Court notes that defendant, when made aware of these deficiencies through plaintiff's opposition, did not address them and at no point proffered good cause for the Court to extend the deadline under CPLR 2004.[1]

While there is no evidence that defendant or their employees created the defect in the subject stair, it has not established, prima facie, that it did not have actual or constructive knowledge of the defect. As described above, Sosa's testimony is that he had to repair the specific stair sometime in the summer of that same year. Further, while Sosa testified that he and Almonte inspect the staircases daily, he also explained that he did not know when the last time that he or Almonte walked up or down the steps of the building on or before December 2, 2021. (NYSCEF doc. no. 40 at 37 ["I don't have any knowledge about that. For the most part I do it every day. But this incident happened along time ago. So I am not able to tell you about this particular date."]) Given that there are no logs that detail when Sosa and Almonte would perform said inspections, let alone if they did so on the particular day in question, defendants have not demonstrated they were without knowledge of the defective stair. (*See Alexander v New York City Hous. Auth.*, 89 AD3d 969, 970 [2d Dept 2011] [daily inspection by defendant's building caretaker failed to demonstrate what she observed regarding the condition of premises prior to the plaintiff's accident and, thus, defendant was not entitled to summary judgment]; *Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470, 472 [1st Dept 2012] [defendant's caretaker affidavit stating he walked down all of the staircases in the building to remove debris, along with caretaker's daily logbook, sufficient to remove questions of fact as to defendant's knowledge of the alleged defect.])

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendant 860 River LLC's motion for summary judgment pursuant to CPLR 3212 is denied; and it is further

---

[1] The Court further notes that the correction from "summer 2021" to "on December 6, 2021, but after plaintiff fell" is a substantive, even critical, change in Sosa's testimony—the type which the First Department has held cannot be corrected on errata sheets. (*See Jackson v Adfia Realty, LLC*, 171 AD3d 477, 477 [1st Dept 2019].)

ORDERED that counsel for plaintiff Jazmine Ashley Whitehurst shall serve a copy of this order, along with notice of entry, on all parties within ten (10) days of entry. This constitutes the decision and order of the Court.

| 7/11/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | DAKOTA D. RAMSEUR, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |